## The Railway Passenger and Freight Conductors' Mutual Aid and Benefit Association
### v.
### Edward T. Robinson, Executor.

*Insurance—Mutual Benefit Associations—Assessment—Bill to Enforce Jurisdiction—Practice—Evidence.*

1.   If a defendant in an action in chancery chooses to answer after his plea is disallowed, and is defeated on the merits, he can not, on appeal, raise anew the question of jurisdiction of his person.

2.   Upon a bill filed to compel an assessment upon the members of a mutual benefit association to pay certain benefits on account of the death of a certificate holder, this court holds that the evidence fails to show that deceased was affected with pulmonary disease, or that he had any good reason to so believe when he was admitted to membership; that the physician's certificate, stating that he had treated deceased for consumption during a period which reached back of his membership, is not competent nor to be credited, in view of other evidence in the case, and that the contention that the decision of the board of directors of said organization rejecting said claim was a finality, can not be maintained.

3.   It seems that the rule that when a demurrer to a plea in abatement as to the jurisdiction of a court over a defendant is sustained and the defendant required to answer over to the declaration he does not, by complying with such order of the court, waive the objection raised by the plea, is confined to practice at law, and is based upon considerations peculiar to pleas in abatement, and the effect of sustaining a demurrer thereto.

[Opinion filed September 20, 1890.]

Appeal from the Circuit Court of Sangamon County; the Hon. J. A. Creighton, Judge, presiding.

Messrs. Miller, Starr & Leman, for appellant.

Messrs. Scholes & Graham and John M. Palmer, for appellee.

Wall, J.   This was a bill in chancery by appellee against appellant, to compel an assessment upon the members of the association to pay benefits to appellee on account of the death of one James R. Robinson, who held a certificate of membership in the appellant association.

There was a decree according to the prayer of the bill, from which an appeal is prosecuted to this court. The first question is as to the action of the court in overruling the defendant's plea, by which was presented the objection to the jurisdiction that the suit was instituted in the county of Sangamon, and process of summons was sent to Cook county, and there served upon the appellant. It is urged that under Sec. 3, Chap. 22, R. S., regulating the practice in courts of chancery, the suit should have been brought in Cook county, where the appellant was located and doing business, and not in the county of Sangamon. On the other hand it is argued that by Sec. 3, Chap. 110, it is provided that suits against insurance companies may be brought in the county where the plaintiff resides, and that process may be directed to any county; to which it is replied that by the plea it is shown that appellant is not an insurance company, within the meaning of the last named section.

Whether Sec. 3 of Chap. 110 can be considered applicable to suits in chancery, may well be the subject of doubt: Moore v. Turney, 100 Ill. 207; and it is also not clear that the plea sufficiently shows that the appellant is not an insurance company within the meaning of said section.

Therefore it becomes pertinent to inquire whether the appellant, by answering the bill, waived the objection raised by the plea. In Delahay v. Clement, 3 Scam. 201, and Weld v. Hubbard, 11 Ill. 574, it was held that when a demurrer to a plea in abatement as to the jurisdiction of the court over the defendant was sustained, and the defendant required to answer over to the declaration, he did not, by complying with such order of the court, waive the objection raised by the plea. It was given as the reason that he was by the court required to plead over, and that he was not in the position of one who asks leave to amend his plea after it is held bad on demurrer, and who thereby waives the point presented by the plea. These were cases at law, and the rule seems to be confined to practice at law, and is based upon considerations peculiar to pleas in abatement, and the effect of sustaining a demurrer thereto. The doctrine is quite technical, and is not, so far as

we are advised, applicable in chancery. It seems not very important, as a matter of principle, whether a defendant is ruled to plead over, or pleads over upon his own request; the consequence of not so pleading would, in either case, merely be to give the plaintiff a judgment.

We are disposed to hold that in chancery practice the defendant should not be allowed to experiment in this way, and that if he chooses to answer after his plea is disallowed, and is defeated on the merits, he can not, on appeal, raise anew the question of jurisdiction of his person.

The appellant declined to pay the claim in controversy, on the ground that the deceased was, when he became a member of the association, afflicted with pulmonary disease, and therefore not eligible to membership, and it is insisted that the board of directors who passed upon the claim were, by the provisions of the constitution, the final arbiters therein, their decision being absolute, and not subject to review judicially.

Article 6 of the constitution of appellant provides that no person shall be eligible to membership in the association who is not free from pulmonary or constitutional disease, and in his application the deceased declared as follows: " I am not at present laboring under any disabilities which disqualify me from following the avocation of passenger or freight train conductor, and according to the best of my knowledge and belief, I am eligible to membership under the constitution and by-laws of your association."

We are of opinion that the proof fails to show that the deceased was affected with pulmonary disease, or that he had any good reason to so believe when he was admitted to membership in the association, though he died of pulmonary consumption about fifteen months thereafter. He had been seriously injured in the lungs by falling from a train a year or more before he was admitted, but he had apparently recovered therefrom. It may be that this injury produced a weakened condition of the lungs, tending to develop the disease of which he died, but this is uncertain. There is in the record the certificate of a physician in attendance at the hospital where the death occurred, that he had treated deceased

for consumption during a period which would reach back of his membership in the association; but this certificate is not competent evidence, and in view of the sworn testimony in the case it can not be credited as to the length of time for which such treatment had been given.

We are then brought to the remaining point, which is the one of chief interest and importance, whether the decision of the board of directors rejecting the claim is a finality—barring all prejudicial inquiry as to the rights of the parties.

The constitutional provision relied upon by the appellant in support of its position, is as follows: "Article 5. The board of directors shall consist of seven members, all of whom shall reside or makes their headquarters in the city of Chicago. To them shall claims against the association be referred, and upon the approval of a majority of said board, with that of the president, the same shall be paid by the secretary and treasurer. They shall fix the amount of salary to be paid the secretary and treasurer.

"It shall also be the duty of the board to examine all books, papers and accounts of the association, and know that the business is honestly and properly conducted. They shall decide all points of dispute and questions of doubt that may arise, and their decision shall be final. They shall, by appointment, fill all vacancies that may occur between the annual meetings, until the next regular meeting. Assessments shall be only made by the authority of the board of directors. They shall make a careful examination of the books of the secretary and treasurer in the month of October, in each year, and submit their report to the next annual meeting. They shall order an assessment sufficient to meet any deficiency when there are not sufficient funds to defray expenses for the ensuing year."

The question turns upon the force to be given to the expression—"They shall decide all points in dispute and questions of doubt that may arise and their decision shall be final."

Reading the entire article it is not clear to what this is intended to apply. Its immediate connection is with the matter of the examination of the books, papers and accounts of the association and the duty to know that the business is hon-

estly and properly conducted.  It would be a very strange
and unusual provision, that one party to a contract might
have the sole power to determine the rights of the other in
respect to the subject-matter of the contract—subversive in a
great measure of the obligation of the contract—and opposed
to the fundamental principle that no man shall be the judge
in a case affecting his own interests.

The construction contended for by appellant would enable
it to say for itself whether it would abide by the contract or
not, thus rendering it nugatory at the will of one of the par-
ties.  Any investigation by the directors under such a state
of things would be a mere farce.  It might proceed, as it did
in this case, without notice to the claimant, and might be
determined, as it was in this case, without competent proof.

It is clear the insured supposed he was entering into a valid
and binding contract by which, in the contingency named, the
appellant would become liable to pay the amount of $2,500.
So, doubtless, was it understood by appellant.

It was in effect a contract of insurance intended to be
mutually binding, but by giving to the clause referred to the
force and import now insisted upon, there was really no con-
tract—no mutuality—nothing binding upon the appellant in
respect to the sole important object in view by deceased, and
for which he paid a valuable consideration.  We are not
inclined to adopt the view of appellant in this respect.

No other points are involved.  The decree of the Circuit
Court will be affirmed.                    *Decree affirmed.*