# Grand Lodge Brotherhood of Locomotive Firemen v. Charles Orrell.

1. FRATERNAL INSURANCE ASSOCIATIONS—*Construction of Contracts Making Officers of the Association Final Judges of Controversies.*—It is competent for the members of fraternal insurance associations to contract that their rights as members shall depend upon the determination of a tribunal of their own choice, which shall be conclusive. But where it is sought to make certain officers of the association final judges of controversies arising between the association and its members, the courts will not give to the contract such a construction where it is possible to give it any other.

2. PRACTICE—*On Overruling a Demurrer to a Declaration.*—Where a defendant demurs to a declaration and his demurrer is overruled, he can either stand by his demurrer and suffer judgment to go against him, trusting to the higher court to sustain his position, or he can plead to the declaration and go to trial; but if he follows the latter course, he loses any rights he might have had under his demurrer if he had stood by it.

3. INSTRUCTIONS—*When to be Accurate.*—Where there is evidence before the jury, *pro* and *con*, as to the controlling issues of fact in a case, and upon some material points the issue is close and doubtful, material inaccuracies in the instructions will constitute such error as will call for a reversal.

**Assumpsit,** on a beneficiary certificate. Appeal from the Circuit Court of Jackson County; the Hon. OLIVER A. HARKER, Judge, presiding. Heard in this court at the February term, 1901. Reversed and remanded. Opinion filed September 4, 1901.

JOHN H. MURPHY, IRWIN & SLEMMONS and J. H. MARTIN, attorneys for appellant.

R. J. McELVAIN, attorney for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of assumpsit, in the Circuit Court of Jackson County, by appellee against appellant, to recover as a beneficiary member of appellant's order, for alleged total disability. Trial was by jury. Verdict and judgment in favor of appellee for $1,500.

Appellee's beneficiary certificate provides for the payment

to him by appellant of the sum of $1,500, in the event of his total disability, and it also provides that such certificate is issued on the condition that appellee shall comply with all the laws, rules and regulations of the order while a member of the same; "otherwise this certificate shall be canceled and become null and void." This certificate bears date March 4, 1895, and was issued by appellant and accepted by appellee in lieu of a similar one of date April 25, 1890.

Section 49 of the constitution of 1892 of the order, is:

"Upon the death of a beneficiary member in good standing, the person or persons named in the beneficiary certificate of the deceased member shall be entitled to receive the sum of $1,500; and in the event of total disability of a beneficiary member in good standing, he shall be entitled to receive a like amount, provided said deceased or disabled member shall have complied with all the laws and requirements of the order."

Section 60 supplements the foregoing section. It defines what is meant by total disability, and provides that such claims shall be referred to the grand lodge officers for investigation. These two sections must be construed together. Section 60 is as follows:

"A beneficiary member in good standing who shall be totally and permanently incapacitated from performing manual labor, shall be entitled to the full amount of his beneficiary certificate, provided that all claims arising under the provisions of this section shall be referred to the grand lodge officers, who shall make a personal investigation thereof, employing such physicians as in their judgment may be necessary to determine the validity of the same."

Section 62 went into force January 1, 1895, shortly prior to the date of appellee's second certificate, and is:

"A beneficiary member in good standing who shall be totally and permanently incapacitated from performing manual labor from consumption, Bright's disease of the kidneys, or total and permanent paralysis, shall be entitled to the full amount of his beneficiary certificate, providing that all claims arising under the provisions of this section shall be referred to the grand lodge officers, who shall make a personal investigation thereof, employing such phy-

sicians as in their judgment may be necessary to determine
the validity of the same."

These sections of the constitution of the order are as
much parts of the contract sued on as are the beneficiary
certificates set out and referred to in the declaration.

The declaration consists of three counts. The first count
alleges that on the 31st day of May, 1892, while appellee
was engaged as fireman on the Mobile and Ohio Railroad,
in a wreck he was injured in the back and other portions
of the body, and in consequence thereof he has become and
is totally disabled, etc. The second count alleges that on
the 27th day of December, 1892, while the plaintiff was
employed as a fireman on the Illinois Central Railroad, to
avoid a collision he jumped while the engine was in motion,
from the cab window, injuring his hands and arm, from
which he has become and is totally disabled, etc. These
two counts are based on sections 49 and 60 above quoted.

The third count alleges that appellee was at the com-
mencement of his suit sick of chronic gastric catarrh and
tuberculosis or consumption of the left lung, whereby he
has become and is totally disabled, etc. This count is based
on said section 62. To this declaration appellant filed the
general issue, and it was stipulated that all competent and
material evidence might be introduced and admitted under
the general issue that would be competent or material
under any special pleas well pleaded.

Appellant's counsel contend that in 1894 the constitution,
by-laws, rules and regulations of the order were revised, to
take effect January 1, 1895, and that in such revision sec-
tion 49 was entirely eliminated and section 60 modified.
Upon that question this record is not clear. Appellee's
counsel put in evidence sections 49 and 60 of the constitu-
tion of 1892, and appellant's counsel put in evidence section
62 of the constitution of 1894. (These sections were all
admitted in evidence without objection.) But if appellant's
contention as to the revision of 1894 be true, still we do not
see that such revision could bar appellee from the right to
recover on any cause of action that may have accrued to

him prior to such revision, and such is the case as to the alleged causes of action set up in the first and second counts. It is otherwise as to the third count. In it appellee's prior certificate of date April 25, 1890, is not set up, but only his certificate of date March 4, 1895. The date of the certificate which he sets up and the date of the disability for which he claims, are both subsequent to the date upon which section 62 took effect.

On December 16, 1893, appellee made his claim under section 60 for total disability, and it was referred to the grand lodge officers, who made investigation as required by that section and rejected the claim. Again on May 20, 1894, he made a like application, and his claim was again investigated and rejected. And on the 7th day of August, 1896, he made his claim under section 62 of the constitution of 1894, for " total and permanent " disability from " tuberculosis, affecting principally the left lung," and it was duly referred to the officers of the grand lodge. This claim was also investigated by the grand lodge officers and also rejected. The rejection of each claim was based upon the report of the physicians whom the grand lodge officers had employed to assist them in determining the validity of the claim.

Appellant's counsel insist that as the constitution of the order requires that a member's claim shall be referred to the grand lodge officers, no right of action can accrue until such officers have allowed his claim. That in the absence of their failure to act upon the claim, or of fraud on their part, a finding by such officers in favor of the claimant is a condition precedent to his right to recover; that a member is bound by the finding, and that a rejection of his claim is final and conclusive. Our courts have had this question under consideration. A similar position was contended for in Railway Conductors' Benefit Association v. Robinson, a case tried in the Circuit Court before the writer of this opinion, appealed to the Appellate Court of the Third District and reported in 38 Ill. App. 111. In that case it is said ·

" We are then brought to the remaining point, which is

the one of chief interest and importance, whether the decision of the board of directors rejecting the claim is a finality." * * * "It would be a very strange and unusual provision, that one party to a contract might have the sole power to determine the rights of the other in respect to the subject-matter of the contract—subversive in a great measure of the obligations of the contract—and opposed to the fundamental principle that no one shall be the judge in a case affecting his interests. The construction contended for by appellant would enable it to say for itself whether it would abide by the contract or not, thus rendering it nugatory at the will of one of the parties." * * * "It was in effect a contract of insurance intended to be mutually binding, but by giving to the clause referred to the force and import now insisted upon, there was really no contract —no mutuality—nothing binding upon the appellant in respect to the sole important object in view by the insured, and for which he paid a valuable consideration. We are not inclined to adopt the views of appellant in this respect."

This case was appealed from the Appellate Court to the Supreme Court, and it is reported in 147 Ill. 138. That court, in rejecting the proposition contended for, said:

"The judicial mind is so strongly against the propriety of allowing one of the parties, or its especial representative, to be judge or arbitrator in its own case, that even a strained interpretation will be resorted to, if necessary, to avoid that result."

The provision of the constitution of the order, relied on by appellants in the case at bar, do not state that the action of the grand lodge officers in "determining the validity of the claim" shall be final or conclusive, nor do they make such provisions for a contest or hearing upon the merits of the claim as will satisfy the requirements of the principals of natural justice. We can not adopt the views of appellant's counsel in this respect.

Appellant's counsel further contend, if we do not agree with them as to the conclusiveness of the action of the grand lodge officer in rejecting appellee's claims, still the presenting of his claims and their reference to such officers were conditions precedent to any right of recovery, and that appellee's suit was not commenced within a reasonable time

after his claims were rejected. As to this contention, we deem it sufficient to say, that the record does not disclose any " law, usage or regulation of the order " limiting the time within which suit may be brought after a claim has been rejected or a cause of action accrued.

Some complaint is made of the declaration and the action of the court in sustaining the demurrer thereto, and we think such complaint not wholly unprovoked; but appellant demurred to the declaration, its demurrer was overruled and it pleaded to the declaration and went to trial.

" Where a defendant demurs to a declaration and his demurrer is overruled, he has two courses before him. He can either stand by his demurrer and suffer judgment to go against him, trusting to the upper court to sustain his position, or he can plead to the declaration and go to trial. If he does the latter, he loses any rights which he might have had under his demurrer if he had stood by it.". J. A. & N. Ry. Co. v. Velie, 140 Ill. 59.

But notwithstanding appellant pleaded, after demurrer overruled, and that the declaration does not in any count, accurately, or at least does not in very apt words, state the degree of stability indemnified against in the contract, and that in the third count it does not limit, and correctly state the cause of the disability, as provided in section 62 of the constitution of 1894, upon which that account is based, still, under the issues and stipulation in this case if appellee shall recover it must be under the contract declared upon, and upon proof of compliance on his part with all the terms and conditions of such contract, and upon proof of the existence of the condition which his contract undertakes to indemnify against. We are of opinion that the presentation of his claim and its reference to the grand lodge officers for investigation and the affording to them of reasonable time and opportunity to make reasonable investigation, are required by the sections of the constitution in evidence which are parts of the contract, and that the doing of this is a condition precedent to any right of recovery—as much so as proof of death under an ordinary life insurance contract or proof of loss under an ordinary fire insurance policy—

and that recovery must be, if at all, for a disability existing at the time of presenting such claim, and for the disability therein claimed.

The evidence in this case shows that prior to commencement of the suit, appellee duly presented his claims, that they were duly referred to the grand lodge officers, and that they acted upon them, and it is admitted that during all the time he was a beneficiary member in good standing. In order to recover under either the first or second count of the declaration, it was necessary for appellee to prove that at the time of presenting at least one of his claims, relied on in those counts, he was " totally and permanently incapacitated from performing manual labor," as provided in section 60 of the constitution, and in order to recover under the third count it was necessary for him to prove that at the time he presented the claim relied on in such count, he was " totally and permanently incapacitated from performing manual labor from consumption," or from " Bright's disease of the kidneys," or from " total and permanent paralysis." This count does not set up any disability from Bright's disease of the kidneys, nor from total and permanent paralysis, but he does set up consumption as a cause of his disability, and in his presentation of the claim relied on in this count, to the officers of the grand lodge, he states the cause of his disability to be, " tuberculosis of the lung," which we understand to be a form of consumption. It is true that in this count he sets up, in connection with consumption, other diseases not provided against in the section of the constitution upon which that count is based nor elsewhere in his contract, as causing his disability, but under the state of the pleadings this must be treated as surplusage and does not relieve him from the duty of proving that the disability was from " consumption " as stated in his claim and provided for in his contract. It is also true that in all the counts of his declaration, he states his disability in language somewhat different from that used in the contract, but in the present state of the record the language used in the declaration must be inter-

preted to be the equivalent in meaning of that used in the contract—*i. e.*, in sections 60 and 62 of the constitutions in evidence. He can not by stating his disability or the degree thereof, in his declaration, in different language from that used in his contract, escape the duty of proving the character and degree of disability demanded by his contract. This is the most favorable view of this feature of the case that can be taken for appellee. A view of the situation less favorable to him would call for the application of the rule as to variance.

There was evidence before the jury, *pro* and *con*, as to the controlling issues of fact in this case, and upon some material points the issue of fact was close and doubtful. In such state of case material inaccuracies, in the instructions, constitute such error as calls for a reversal. There are serious inaccuracies in the instructions given to the jury in this case. All those given on behalf of appellee entirely ignore the fact that it was incumbent upon him to prove that at the time he presented his claims to the grand lodge officers, or at the time of presenting some one of them, he was "totally and permanently incapacitated from performing manual labor." He could not recover in this suit for a disability that did not exist when he presented his claim to the grand lodge officers, nor for a disability not embraced in such claim, nor for any degree of disability short of total permanent incapacity to perform manual labor existing at the time of presenting his claim. Instruction "8a" not only ignores, as do all the others, these necessary elements in appellee's case, but expressly directs the jury to the contrary. These errors are neither cured nor mitigated by any instruction given in the case. The judgment of the Circuit Court is reversed and the cause remanded.