## Grand Lodge, Brotherhood of Locomotive Firemen, v. Charles Orrell.

1. APPELLATE COURT PRACTICE—*Abstract Presumed to be Sufficiently Full to Present All Errors Relied upon.*—Appellant's abstract of the record will, as against appellant, be presumed to be sufficiently full and accurate to present all the errors upon which he relies.

2. INSTRUCTIONS—*To be Considered as a Whole.*—Errors in one or more instructions are not prejudicial where all the instructions given in behalf of both parties, when considered together, state the law correctly.

3. INTEREST—*When Allowed on Beneficiary Certificates Payment of Which is Refused.*—Where the beneficiary is named in the certificate, the sum recoverable is specified and certain, proper preliminary proof or demand, as the case may require, has been made, and payment is refused, interest may be recovered on such certificate.

4. INSURANCE—*Whether Insured is "Totally and Permanently Incapacitated" a Question of Fact.*—The question as to whether the insured is "totally and permanently incapacitated from performing manual labor" is a question of fact for the jury.

Assumpsit, on a benefit certificate. Appeal from the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge presiding. Heard in this court at the February term, 1903. Affirmed. Opinion filed June 15, 1903.

JOHN H. MURPHY, IRWIN & SLEMMONS and J. H. MARTIN, attorneys for appellant.

R. J. McElvain and R. J. Stephens, attorneys for appellee.

Mr. Justice Creighton delivered the opinion of the court.

This was an action of assumpsit in the Circuit Court of Jackson County, by appellee against appellant, to recover as a beneficiary member of appellant's order, for alleged total disability. Trial was by jury. Verdict and judgment in favor of appellee for $2,152.50.

This case was formerly before this court and is reported in 97 Ill. App. 246. Upon its re-instatement in the Circuit Court, an amended declaration was filed by appellee.

The declaration states that on the 6th day of May, 1890, appellee became a member of appellant order and received a certificate of membership entitling him to participate in the beneficiary department of the order to the amount of $1,500, "in the event of his total disability;" that thereafter, on the 4th of March, 1895, while he was in good standing in the order and his certificate in full force and effect, at the request of appellant he surrendered said certificate and accepted a new one in lieu thereof, which new certificate provided the same amount of indemnity "in the event of his total disability;" and that, on the 21st day of May, 1892, while engaged as locomotive fireman on the Mobile & Ohio Railroad, and in the discharge of his duties as such fireman, in a wreck in consequence of a washout of the track of said railroad, his engine was overturned in swiftly running water, in which his body was entirely immersed, and he became caught and pinioned between the cab and the tank, or tender, of the engine, whereby he was greatly crushed and injured about the neck, left breast, stomach, right hip, back, and other portions of the body, in consequence of which he became permanently afflicted with chronic catarrh and other permanent ailments of the stomach, and also with a weakened and diseased condition of the left lung, which subsequently developed into tuberculosis. And afterward, on the 27th day of December, 1892, while engaged as locomotive fireman on the Illinois Central Railroad, and in the discharge

of his duties as such fireman, in order to avoid being caught in a collision of his engine with another train on said railroad at Kensington, near Chicago, Illinois, he was compelled to jump from his engine to the ground, and thereby caused to fall with great force on his head and hands against certain railroad rails, by means whereof his right wrist, at and near the annular ligament, was deeply cut, in consequence and as a result whereof, the median nerve of said wrist was and thence hitherto continued and remained greatly injured and weakened, resulting in the loss of muscular power to so great an extent as to hinder and prevent him from performing any manual labor.

The two sections of the constitution of appellant order upon which the declaration is based are as follows:

" Sec. 60. A beneficiary member in good standing who shall be totally and permanently incapacitated from performing manual labor, shall be entitled to the full amount of his beneficiary certificate, providing that all claims arising under the provisions of this section shall be referred to the Grand Lodge officers, who shall make a personal investigation thereof, employing such physicians as in their judgment may be necessary to determine the validity of the same; all expense so incurred to be paid by the claimant unless assumed by the lodge of which he is a member."

" Sec. 62. A beneficiary member in good standing who shall be permanently incapacitated from performing manual labor from consumption, Bright's disease of the kidneys, or total and permanent paralysis, shall be entitled to the full amount of his beneficiary certificate, providing that all claims arising under the provisions of this section shall be referred to the Grand Lodge officers, who shall make a personal investigation thereof, employing such physicians as in their judgment shall be necessary to determine the validity of the same; all expense so incurred to be paid by the claimant unless assumed by the lodge of which he is a member."

Three claims were made by appellee, one of date December 16, 1893, one of May 10, 1894, and one of August 6, 1896. These claims were made to and through the local lodge of the order, were duly referred to the Grand Lodge officers, and are as follows:

" Brotherhood of Locomotive Firemen. John A. Logan

Lodge, No. 470. Disability Report. Murphysboro, Ill., December 16th, 1893. To the officers of the Grand Lodge B. of L. F. Sirs and Bros.: Pursuant to section 60 of the Constitution, you are hereby notified that Brother Charles Orrell, of the above named lodge, has applied for payment of his beneficiary certificate on account of total disability, and you are hereby authorized and directed to have him examined by such physicians as you may appoint, with reference to the validity of his claim. Yours fraternally, G. W. Hilleary, Master; R. B. · Collins, Secretary; M. J. Mulcahy, J. L. Ashman, G. W. Hilleary, Board of Relief."

" Brotherhood of Locomotive Firemen. John A. Logan Lodge, No. 470. Disability Report. Murphysboro Ill., May 20th, 1894. To the officers of the Grand Lodge B. of L. F. Sirs and Bros.: Pursuant to section 60 of the Constitution, you are hereby notified that Brother Charles Orrell, of the above named lodge, has applied for the payment of his beneficiary certificate on account of total disability, and you are hereby authorized and directed to have him examined by such physicians as you may appoint, with reference to the validity of his claim. Yours fraternally, G. W. Hilleary, Master; R. B. Collins, Secretary; G. W. Hilleary, J. L. Ashman, M. J. Mulcahy, Board of Relief."

"Brotherhood of Locomotive Firemen. John A. Logan Lodge, No. 470. Disability Report. To the officers of the Grand Lodge B. of L. F. Murphysboro, Ill., August 7th, 1896. Sirs and Bros.: Pursuant to sections 61 and 62 of the Constitution, you are hereby notified that Brother Charles Orrell, of the above named lodge, has applied for the payment of the amount of his beneficiary certificate on account of total and permanent disability, and you are hereby authorized and directed to have him examined by physicians, subject to your appointment, with reference to the validity of his claim. We believe that he is totally and permanently disabled from performing manual labor from the following cause: Tuberculosis affecting principally the left lung. The disability is total and permanent. * * * Yours fraternally, John S. Suddler, Master; Charles A. Newkirk, Secretary; John S. Suddler, John Bowser, W. F. Snider, Board of Relief. Seal."

All these claims were rejected by the Grand Lodge officers on the alleged ground that appellee was not " totally and permanently incapacitated from performing manual labor."

A number of questions involved in this record were dis-

cussed and determined by this court on the former appeal and need not be again discussed here.

Counsel insist that the trial court erred upon the last trial in the admission of certain evidence offered on behalf of appellee, and in the rejection of certain evidence offered on behalf of appellant. The record as abstracted by appellant shows no objections or exceptions to any ruling of the court in respect to the admission or rejection of evidence. " Appellant's abstract of the record will, as against appellant, be presumed to be sufficiently full and accurate to present all the errors upon which it now relies." C., P. & St. L. Ry. Co. v. Wolf, 137 Ill. 361; Shields v. Brown, 64 Ill. App. 259.

Many objections are urged against the instructions given by the trial court on behalf of appellee. When all the instructions given on behalf of both parties are considered together, as is proper in this case, we are of opinion appellant has no just grounds of complaint. Three of them— appellee's No. 9, appellant's No. 4 and appellee's No. 5— merit some discussion.

Appellee's No. 9 is as follows:

" 9. The term 'manual labor,' in its ordinary and usual meaning and acceptation, means labor performed by and with the hands or hand at such labor as will enable a person thereby to earn or assist in earning a livelihood. Being able to temporarily use the hand or hands at and in some kind of labor, but without the ability to sustain such ordinary exercise and use of the hands at some useful labor whereby money may be earned to substantially assist in earning a livelihood at some kind of manual labor, does not constitute the ability to perform manual labor as it must be understood was contemplated by the parties to the indemnity contract sued upon and relied on in this action."

And appellant's No. 4 is:

" 4. The term 'manual labor' as used in the contract of insurance in this case, means any labor or work of any kind or character that may be performed by the hands, or either of them, and you should find for the defendant unless you believe from the evidence that the plaintiff is not only totally disabled, but permanently incapacitated from doing manual labor, as defined in these instructions."

It must be borne in mind that appellant as well as appellee asked the court to instruct upon this subject, and when the two instructions are read together, we think they fairly interpret the clause of the contract to which they apply. They not only leave to appellant no just or reasonable cause for complaint, but estop it from any right to make complaint.

Appellee's No. 5 authorizes the jury, in case they find in favor of appellee, to include interest at the rate of five per cent per annum. Appellant's counsel insist that claims arising on certificates of membership in such societies as that of appellant do not bear interest.

Whatever may be the rule elsewhere, it is clear in this state that where the beneficiary is named in the certificate, the sum recoverable is specified and certain, proper preliminary proof or demand, as the case may require, has been made, and payment is refused, then interest may be recovered. Supreme Lodge of Ancient Order of United Workmen v. Zuhlke, 129 Ill. 298; Northwestern Traveling Men's Association v. Schauss, 148 Ill. 304 (313); Grand Lodge A. O. U. W. v. Bagley, 164 Ill. 340.

The question as to whether appellee was "totally and permanently incapacitated from performing manual labor" was a question of fact for the jury to determine from all the evidence.

It is true, as contended by appellant's counsel, that if appellee became so incapacitated after the enacting of section 62 of the constitution, then there could be no recovery for any disability caused by gastritis of the stomach, nor for any disability except it be "from consumption, Bright's disease of the kidneys, or total and permanent paralysis."

It was not only a question for the jury to determine whether appellee was in fact "totally and permanently incapacitated from performing manual labor," but also whether he was so incapacitated prior to the enacting of section 62 of the constitution.

The jury has resolved both these issues against appellant and was warranted by the evidence therein.

The judgment of the Circuit Court is affirmed.