DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1914.

Joseph F. Davis, Defendant in Error, v. Midland Casualty Company, Plaintiff in Error.

1. INSURANCE, § 128*—*how policy will be construed.* Where the meaning of an accident insurance policy is ambiguous and uncertain, it must be construed liberally in favor of the insured and strictly against the insurer.

2. INSURANCE, § 432*—*what injury covered by accident policy.* Under an accident insurance policy providing, for certain payments for certain injuries, "while actually riding within a conveyance drawn by horse power * * * in consequence of a collision or other accident to the conveyance," it cannot be contended that the only injuries that can be recovered for are confined to injuries received in consequence of a collision or other accident to the conveyance, since the policy was issued to insure against injuries to the person of the insured while riding in a conveyance drawn by horse power.

3. INSURANCE, § 432*—*what is meant by term "total disability."* Under an accident insurance policy insuring against total disability, it is not necessary to constitute total disability that the insured be helpless, and the question of such disability is one of fact.

4. INSURANCE, § 432*—*when person insured is totally disabled.* Where an accident policy insured against total disability, and the

───────────

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(338)

insured was injured so that the use of one hand was prevented, and it appeared that he could do no work, though he was able to go around and give instructions to others, a verdict in favor of such insured was justified by the evidence.

Error to the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 2, 1914. Rehearing denied October 8, 1914.

HOLMES, MILEMORE & LEVIN, for plaintiff in error; MCKENZIE CLELAND, of counsel.

O. M. JONES and W. J. BOOKWALTER, for defendant in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is a suit begun before a justice of the peace upon an accident policy issued by the defendant. An appeal was taken from the judgment in the justice's court to the Circuit Court, where on a trial before a jury a verdict was returned in favor of the plaintiff for $125, on which judgment was rendered, and the defendant has sued out a writ of error to review that judgment.

Part 2 of the policy sued on provides for "Twenty-five dollars per week indemnity for accidents as specified should the Insured sustain injuries from causes or under conditions such as specified in clauses 1, 2, 3, 4, 5, 6, 7 and 8 in part One (1), which shall not prove fatal or cause other loss as aforesaid, but shall immediately, continuously and wholly disable and prevent the Insured from performing each and every duty pertaining to any and every kind of business, labor or occupation, during the time of such disablement, but not exceeding five (5) consecutive weeks." Clause 5 of part 1, provides for certain payments for certain injuries: "(5) While actually riding within a con-

veyance drawn by horse power, provided that the Insured shall not then be a hired driver thereof, or be riding or driving in or upon any conveyance used for any business purpose or any work whatsoever at the time of the accident, in consequence of a collision or other accident to the conveyance in which the insured is so riding."

The defendant in error is a farmer, who was injured while driving a young horse hitched to a buggy in which he was riding from his home to the village of Oakwood. The horse being unruly, defendant in error struck it with a whip, when it kicked up over the dashboard striking the defendant in error's hand, breaking several bones and lacerating it so that he was unable to do any farm labor for several weeks.

The plaintiff in error insists that the only injuries that can be recovered for are confined to injuries received in consequence of a collision or other accident to the conveyance in which the insured was riding. This is too narrow a construction. The policy was issued to insure the plaintiff in error against injuries to his person while riding in a conveyance drawn by horse power. There is nothing in the policy insuring against damage by the vehicle. The policy was prepared by plaintiff in error, and the meaning being ambiguous and uncertain, because of its phraseology, it must be construed liberally in favor of the insured and strictly against the Company. *Travelers' Ins. Co. v. Ayers,* 119 Ill. App. 402. The only reasonable construction to be given to clause 5 of part 1 and part 2 is that defendant in error was insured, while riding in a horse-drawn vehicle, against bodily injuries arising from a "collision or other accident," which prevented him from performing his duties, business or labor.

It is also argued that the only accidents insured against are "accidents causing total disability; there is no indemnity whatever for partial disability.

* * * The accident prevented only the use of one hand.'' The proof is that the plaintiff in error could not do any work although he was able to go around and give instructions to others. It is not necessary to constitute total disability that the insured be helpless. *Grand Lodge, Brotherhood of Locomotive Firemen v. Orrell,* 206 Ill. 208, 109 Ill. App. 422; Cooley's Brief on Ins. 3291. The question of total disability was a question of fact, and the evidence justified the verdict of the jury and the judgment thereon. The judgment is affirmed.

*Affirmed.*