Missouri State Life Insurance Company, Appellant, v. William Copas, Appellee.

Gen. No. 8,566.

Heard in this court at the October term, 1931.  Opinion filed February 1, 1932.

GUNN, PENWELL & LINDLEY, for appellant.

GRAHAM & DYSERT, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

Appellee sued the appellant in an action of assumpsit in said court, on a certificate of health and accident insurance issued by it to him.  The declaration set forth the certificate *in haec verba,* and in substance charged that in consideration of the payment of the monthly premiums by him to it, said appellant entered into and delivered to him said contract of insurance. Then, following the language of the certificate, it is averred in substance: "That due proof has been made by him to said company showing that he has not attained the age of sixty years, and that on December 6th, 1929, he became totally and permanently disabled by bodily injury and disease, and wholly prevented thereby from engaging in any gainful occupation, and that he has been so permanently and totally disabled for a period of six months; that the plaintiff has complied with all the provisions and conditions precedent, on his part to be complied with, as set forth in said policy."  Then avers nonpayment, and $1,200 damages.

The declaration was not challenged by demurrer. The certificate sued on was not questioned by any plea that it did not contain everything necessary or material for the appellee's case. The certificate recites, as inducement, that it is issued under and subject to the terms and conditions of a group policy, yet no group policy was set forth in said certificate of insurance which it prepared and delivered to the appellee. None was attached to it or expressly made a part of said certificate. The certificate is complete in itself and states expressly what appellee must do to recover under it. Appellant never pleaded or offered said group policy in evidence in its behalf, and did not, nor does not now, suggest that it contained anything material to the defense of the case, which was not incorporated in the certificate.

The suit was on the certificate, and not on a group policy. Appellee was not a party to it. The declaration did not attempt to negative matters of defense or to plead matters peculiarly within the knowledge of the defendant.

The trial was by jury. The verdict was $1,000 for appellee. No instructions were offered or given for appellee, while 10 instructions were given for appellant and two refused. Counsel for appellant have set forth in full, in the abstract, the argument of Walter V. Dysert. The entire opening argument was without objection, and the two objections to the closing argument were both sustained by the court.

Motions for new trial and in arrest of judgment being overruled, judgment was entered on the verdict for $1,000, from which this appeal is taken.

Appellant contends that because the certificate sued on mentioned a group policy, it should have been introduced in evidence by appellee and cites 2 Cooley's Brief on Insurance (2d Ed.) 1050, which quotes four other cases. The first, *Conner v. Manchester Assur-*

*ance Co.*, 130 Fed. 743, is not applicable in this case. In the *Conner* case, the certificate sued on expressly made the group policy a part of it. The one at bar does not. The policy in the *Conner* case contained a vitally material provision which was not in the certificate sued on. In the *Conner* case, the defense produced the group policy and made the provision contained in it the defense in the case. Naturally, the issues and proofs are different. In that case the group policy presented a provision which, when pleaded and introduced, was decisive of the case.

In the case at bar, the group policy is not expressly made a part of the certificate, and the certificate is complete within itself, yet, if the appellant knew that the group policy contained a different provision than that contained in the certificate, and had pleaded it as a defense, and had offered the policy and some such provision in evidence, and it had been refused, then there would be some reason and justice in the present claim. But in this case the suit was on the provisions of the certificate alone, and counsel for appellant has nowhere, in pleadings, evidence or statement, shown or suggested that the group policy, if set forth, would furnish any defense or cast upon the appellee any further burden. So, in the absence of such a showing, the law does not require a useless thing to be done. It does not require conditions, or subsequent matters of defense, or matters peculiarly within the knowledge of the defendant to be set forth in the declaration.

A plea was filed by appellant averring that plaintiff did not furnish the defendant with due proofs that before having attained the age of 60 years he had become totally and permanently disabled by bodily injury or disease, and that he was or would be, at all times thereafter, wholly prevented thereby from engaging in any gainful occupation and that he had been so permanently and totally disabled for a period of

six months; but this plea was abandoned upon the proofs and is not argued in this court.

Appellant complains at the court's refusal to give in its behalf the following instruction: "You are instructed that if, under the instructions of the court, you find from the evidence in this case that the plaintiff is not entitled to recover, then you will have no occasion to consider at all the question of damages"; and also the court's refusal to give this instruction: "You are instructed that the burden is upon the plaintiff to prove, by a preponderance of the evidence, that before having attained the age of sixty (60) years, he has become totally and permanently disabled by bodily injury or disease and that he is then and will be at all times thereafter wholly prevented thereby from engaging in any gainful occupation and that he has been so permanently and totally disabled for a period of six (6) months, and you are instructed that if the plaintiff fails to prove all those facts by a preponderance of all the evidence, or, if the evidence on that point is evenly balanced, then it will be your duty, regardless of any other question in the case, to find the issues for the defendant."

All of the principles of each instruction were fully embodied in other instructions in this case, and the failure to give these instructions was not error.

Appellant contends that the verdict and judgment are manifestly against the weight of the testimony and that there are some things that appellee might do. Appellee, in his proofs as to disability, was supported by the testimony of two physicians who had attended him. Appellee had been a coal miner and was accustomed only to heavy manual labor.

Appellant presented the testimony of five doctors, some of whom took X-rays, and others testified that it was their opinion that appellee was not totally and permanently incapacitated. This was a legal term and was not fully explained.

In the arguments of counsel it seems to have been construed that appellee must be totally and permanently incapacitated for any purpose before he can recover upon the contract in question, and growing out of this construction arose the objections to the argument of counsel for appellee to the jury that appellee must be 100 per cent deficient before he is totally and permanently disabled. This is not the law. In *Taylor v. Southern States Life Ins. Co.*, 106 S. C. 356, 91 S. E. 326, L. R. A. 1917 C, page 911, the court said: "An illiterate three-horse farmer, dependent in large measure on his own strong arm for a livelihood, accustomed and trained only to bodily labor, made by disease suddenly and generally unfit for bodily labor, comes within the meaning of the contract; he is deemed totally disabled when he is no longer able to do his accustomed task, and such work as he has only been trained to do, and upon which he must depend for a living. The man of waning years, of small means, of no education, totally dependent upon the strength of his body for a livelihood, is bankrupt when the marvelous and mysterious parts of his organism go wrong. If they do not answer the summons of his will, if, indeed, it is able to summon them, to do the common tasks, he is undone, and for his purposes totally undone. It would be like squaring a circle for a judge to undertake to say just at what juncture a part became a whole, at what period a disability is enlarged from partial to total." This subject is further discussed in *Armour Grain Co. v. Industrial Commission,* 323 Ill. 80, and *Powers Storage Co. v. Industrial Commission,* 340 Ill. 498.

We have read all the testimony and we are not prepared to hold that the verdict is against the manifest weight of the testimony.

Finally, appellant complains of statements of counsel for appellee in argument to the jury. The remarks were caustic and apparently in reply to argument of

counsel for appellant in a similar strain. The argument of counsel for appellee is produced entirely. None of the arguments of counsel for appellants are produced. We are not able to say, without all of the arguments before us, whether counsel for appellee was answering an argument or indulging in invective. What was said, as presented, would not warrant a reversal of the judgment in this case.

Finding no error in the record warranting a reversal of the judgment, the verdict and judgment of the Vermilion county circuit court is affirmed.

*Affirmed.*