Nason Edward Sibley, Appellee, v. Travelers' Insurance Company, Hartford, Connecticut, Appellant.

Gen. No. 8,769.

324

Opinion filed May 10, 1934. Rehearing denied June 25, 1934.

EDWARDS, BLOCK & BAIRSTOW, for appellant; J. E. BAIRSTOW and SIDNEY H. BLOCK, of counsel.

RUNYARD & BEHANNA, for appellee; E. M. RUNYARD and PAUL D. DOOLEN, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Nason Sibley brought an action against the Travelers' Insurance Company, to recover certain instalments which he claims are due him under a permanent disability clause in a certain life insurance policy, issued to him by the Travelers' Insurance Company, on November 3, 1920. The suit was started on November 25, 1932. The declaration consists of only one special count.

The declaration recites a formal execution and delivery of the policy in question, the payments of the premiums, as well as a full compliance with the various general requirements of the policy, and avers that on March 15, 1930, he, the complainant, "became

wholly disabled by bodily injury or disease and became and was permanently and wholly prevented thereby from engaging in the business of general contractor, carpenter, concrete and Superintendent, or working therein or thereon, and has since said time been permanently, wholly and totally so disabled, etc.'' The policy and the application are copied into the declaration and are made a part thereof. These are the pertinent and necessary averments presented, to consider the questions raised by the parties to this suit. To this declaration the defendant filed a plea of general issue; a jury was waived and the case was submitted and heard by the court without a jury.

The contract of insurance sued upon is a life insurance policy providing that in the event of the death of the insured the beneficiary named therein shall receive 240 instalments of $100 each to be made upon the proof of the death of the insured. The policy is the usual life insurance policy with additional total disability features. The policy contains a provision that is commonly designated and known as a ''total and permanent disability clause.'' It is by virtue of this provision that the plaintiff is seeking to recover. The policy provides that after one full annual premium shall have been paid, if the insured will furnish the company with due proof that he has been wholly disabled by bodily injuries, or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the company will waive any future premiums and make the payments agreed upon.

Under the terms of this policy the payment of disability benefits do not reduce the liability of the company on the amount of life insurance payable to the beneficiary upon the death of the insured, but these payments are in addition thereto. In case of permanent disability the company waives the payment

of premiums during such disability, which are not to be deducted in any settlement of the insurance policy.

Upon the hearing of the case the plaintiff submitted to the court one proposition of law, which is as follows: "Permanent total disability as provided by the contract sued on, means inability to do substantial material acts necessary to the prosecution of the insured's business, or occupation, in his customary and usual manner so long as he shall live and suffer such disability." The court held this to be the law governing the case.

The defendant submitted three propositions of law which the court refused to hold as the law governing the case. The first proposition is: "The Court holds that before the plaintiff can recover in this case as same has been submitted, he must allege and prove by the greater weight of the evidence that he has become wholly disabled by bodily injuries, or disease, and will be permanently, continuously, and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit." (2) "The Court holds as a matter of law under the terms of the policy in question, the plaintiff cannot recover without showing that he is incapacitated, not only from following his usual occupation, but also from pursuing any other gainful occupation." (3) "The Court holds as a matter of law that the plaintiff cannot recover in this cause because he is totally disabled from pursuing his own trade or business, if he retains his health, strength and physical and mental ability sufficient for the pursuance of some other vocation; and if it appears from the evidence that the plaintiff is able to do or perform any occupation or employment for wage or profit, then the finding should be in favor of the defendant."

Upon the hearing of the case the court found that the plaintiff has been permanently, continuously and totally disabled within the meaning of the "total and

permanent disability clause'' of said policy, and found for the plaintiff in the sum of $1,648.42, which sum is made up of monthly instalments of $173.06 from April 15, 1932, to November 25, 1932, the date of the commencement of the suit and a premium payment of $437.37 claimed to have been made by the plaintiff under protest.

On this finding the court rendered judgment. The defendant took and preserved proper exceptions to the various rulings of the court and has brought the same to this court on appeal, to reverse the judgment.

Nason Edward Sibley also perfected an appeal to this court claiming that the court erred in not rendering judgment for the full amount of the payments that were due him during the life of the policy; that case is general number 8774. On motion of the Travelers' Life Insurance Company the cases were consolidated in this court.

The questions presented to this court are: Whether the declaration states a cause of action and whether the plaintiff has proven a case that entitles him to recovery under the disability clause of the policy of insurance. The appellant contends that the language of the policy is clear and unambiguous and does not need a construction of a court to ascertain the meaning of the language used in the policy. The appellee's contention is that if the evidence shows that the plaintiff was disabled so he could not engage in the business in which he was engaged at the time of the injury, which was general contracting, and carpentering and concrete work, then he was totally disabled so far as the terms of the policy provided.

There are two general types of contract of insurance: One wherein a policy provides for indemnity if the insured is disabled from performing any work or following any occupation. Such policies are commonly known and designated as total disability policies. The

other kind which provides for indemnity if the insured is disabled from transacting duties pertaining to the occupation in which the insured is then engaged. These are commonly termed and designated as occupational disability policies. It is generally recognized that there is a fundamental difference between these two classes of insurance and the risk assumed by the insurer in the policy. It must be determined from the contract of insurance alone whether the risk assumed falls within one class or the other.

We have not been advised of, or of our own research, we have not been able to ascertain where our Supreme Court has ever passed upon or construed the language of a policy similar to the one in this case. Our Supreme and Appellate Courts in construing other policies of a similar nature have given us information that is valuable in arriving at the meaning of this policy. The courts of other jurisdictions are not in harmony upon the question.

The appellee has cited several Illinois cases, in which he contends that the court has decided that the disability referred to in this policy means that the insured only needs to show that he was disabled as far as engaging in the work in which he was engaged at the time of his injury and disability. The first case cited is *Plattdeutsche Grot Gilde v. Ross,* 117 Ill. App. 247. In this case the main question was: Was the insured actually sick or so sick as to be unable to do work of any kind? The question of the construction of the policy of insurance was not involved. In the case of *Davis v. Midland Casualty Co.,* 190 Ill. App. 338, the case was decided on a question of fact whether a farmer who was injured while driving a young horse hitched to a buggy was injured so badly that he came within the terms of the policy. The court finally states that the question of total disability was a question of fact, to be decided by the trial court. In the case of

*Baker v. State's Accident Ins. Co.,* 200 Ill. App. 473, the question before the court was the meaning of the words in the policy ''necessarily confined in the house.'' The court held in that case that it was not necessary for the party to show that he was confined to his bed, or confined to the house all of the time in order to recover on the policy but such things as going to his doctor or going out in the yard for a short time would not prevent a man from recovering under a policy that said that the man must be so sick that it would necessarily confine him in the house.

In the case of *Missouri State Life Ins. Co. v. Copas,* 265 Ill. App. 478, where the question arose as to whether the insured was totally disabled as required by the language of the policy of insurance, the court says: ''In the arguments of counsel it seems to have been construed that appellee must be totally and permanently incapacitated for any purpose before he can recover upon the contract in question, and growing out of this construction arose the objections to the argument of counsel for appellee to the jury that the appellee must be 100 per cent deficient before he is totally and permanently disabled.'' The court then quotes from the case of *Taylor v. Southern States Life Ins. Co.,* 106 S. C. 356, which holds that the injured person need not be 100 per cent deficient before he is wholly and permanently disabled. In the case of *Steffan v. Bankers Life Co.,* 267 Ill. App. 248, the court in this case discusses the policy of insurance that required: ''If the insured becomes totally and permanently disabled as herein provided . . . from any cause originating after the date of the policy, etc. and upon receipt of due proof of such disability existing for 90 days, then the company would pay the insured certain stated amounts.'' The court held in this case, as both our Supreme Court and Appellate Court in early decisions have held, that a man to be totally

disabled need not be completely helpless, but only to such an extent that he is unable to perform manual labor necessary to entitle him to receive earnings. In the late case of *Wood v. Prudential Ins. Co.*, 271 Ill. App. 103, this case was decided on a question of fact as to whether the insured was so disabled as to prevent him from following a gainful occupation. They cite and follow *Missouri State Life Ins. Co. v. Copas*, 265 Ill. App. 478.

In the case of *Grand Lodge B. of L. F. v. Orrell*, 206 Ill. 208, Orrell sued the defendant lodge on a beneficiary certificate claiming that he was totally and permanently incapacitated from performing manual labor due to an accidental injury. The trial court at the request of the plaintiff gave an instruction to the jury defining what the term "manual labor" meant. The instruction given and the comments of the Supreme Court upon the same are hereby quoted: " 'The term "manual labor," in its ordinary and usual meaning and acceptation, means labor performed by and with the hands or hand, and it implies the ability for such sustained exercise and use of the hands or hand at labor as will enable a person thereby to earn or assist in earning a livelihood. Being able to temporarily use the hands or hand at and in some kind of labor, but without the ability to sustain such ordinary exercise and use of the hands at some useful labor whereby money may be earned to substantially assist in earning a livelihood at some kind of manual labor, does not constitute the ability to perform manual labor as it must be understood was contemplated by the parties to the indemnity contract sued upon and relied on in this action.'

"The purpose of this instruction was to define the meaning of the words 'manual labor,' and to advise the jury as to the physical condition which would constitute total incapacity to perform manual labor. Counsel for

appellant lodge insist that the phrase 'total incapacity' means absolute and complete inability to perform any labor whatever with the hand or hands, and the criticism upon the instruction is that it erroneously advised the jury that the appellee may be regarded as totally incapacitated though he be not absolutely incapacitated to use his hand or hands in some manner of useful labor. The construction given by the instruction is proper. A condition of absolute and complete incapacity to do manual labor ought not to be regarded as the true construction of the langauge of the by-law. Total inability to perform manual labor to an extent necessary to entitle him to receive earnings is what is meant. One who has power to use his hand or hands at labor for a brief effort only, and who is lacking in power to sustain the effort for a sufficient length of time to make the result thereof of any benefit to him in the way of assisting in his support, is for all practical purposes and in every actual sense totally incapacitated from performing manual labor.''

In the case of *Maccabees v. King*, 79 Ill. App. 145, the Appellate Court of the First District in discussing a case where the material clause of the insurance policy is as follows: ''In case of permanent and total disability the insured would be entitled to certain benefits,'' in its opinion says: ''His certificate is that he will be entitled, etc., 'in case of permanent and total disability,' as provided in the laws of the order, and the by-law under which he claims is that 'Any member holding a benefit certificate who shall become totally and permanently disabled from any cause . . . to perform or direct any kind of labor or business . . . shall be entitled,' etc.''

Appellee was not insured as a stone or brick mason, or with reference to any particular occupation or calling, but the decisions in cases in which the insurance was with reference to a particular occupation or calling

are in point, in so far as they define total disability to perform the duties of the particular occupation or calling. The law in such cases is that the insured, in order to recover, must have been totally disabled to perform the duties of the occupation in reference to which he was insured. Bliss on Life Insurance, 2d Ed., sec. 403; Niblack on Ben. Societies, etc., sec. 402; 4 Joyce on Ins., sec. 3031.

The author last cited says: "Total and permanent disability to perform or direct any kind of labor or business means that the disability must not only be total, but that it must also be permanent so far as the ability to perform or direct any kind of business is concerned.

"Total disability naturally means being totally disabled from all kinds of business, unless by the contract the disability is to be only from the usual occupation of the assured."

Our courts have held that the relation of an insurance company to its policyholders is purely contractual. There is ordinarily no element of trust relation involved. The parties, being competent to contract, have a legal right to insert such provisions in the agreement as they see proper, and it is the duty of the courts to construe and enforce such agreements as are made and not to make new contracts for the parties. *Blume v. Pittsburg Life & Trust Co.,* 263 Ill. 160.

The Supreme Court in the case of *Norwaysz v. Thuringia Ins. Co.,* 204 Ill. 334, in discussing the rules of construction of a policy of insurance said: "Contracts of insurance are to be construed like other contracts. If ambiguous terms are used, the meaning more favorable to the insured will be adopted, not because he is the sufferer in a recent loss or because of a disparity in the financial condition of the two parties, but because the words are those of the insurer and the ambiguity is chargeable to it. Where, however, there

is no ambiguity in the terms, neither party is to be favored. If the stipulation is one that the parties could lawfully make, and, having been made, is not actually or inferentially waived, it is the function of the court to enforce its observance as the parties made it, and not to make a new agreement for the purpose of mollifying the hardship that the rigorous and inflexible terms occasion." To the same effect is the case of *Bergholm v. Peoria Life Ins. Co.,* 284 U. S. 489, in which that court said: "It is true that where the terms of the policy are of doubtful meaning, that construction most favorable to the insured will be adopted. This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings."

It is our opinion before the plaintiff in this case can recover under this contract of insurance, it is necessary for him to aver and prove that he became wholly disabled by bodily injury or disease and will be permanently, continuously and wholly prevented thereby for life *from engaging in any occupation or employment for wage or profit.*

An examination of the evidence disclosed that the appellee after his injuries drove his automobile on various occasions to adjoining cities, and that in November, 1931, he took his family to California in his automobile and returned to his home in Antioch, Illinois, in the same way; that he and his family stopped at different camps en route and while in California he drove his car to various places on business trips and amusement; that he is a member of certain clubs and business organizations; that he is a member of the board of trustees of the Village of Antioch and attends

the various meetings for the transaction of business that comes before said board; that he remains at these meetings a considerable length of time. He attends social gatherings, picnics, theaters, and plays bridge for extended periods, and at some of the entertainments, dances with his wife and other acquaintances. He makes frequent visits to his friends around his home and goes down town on business and to the post office regularly. He visits the various stores and performs errands while he is down town. He makes trips by automobile and elevated train to his physician in the City of Chicago unassisted. On some of these trips he walks up the stairs to the elevated station and is away from home practically the whole of the day. He drives his car to the City of Chicago, puts it into a garage and drives back home unassisted and does other chores around his home. From this evidence we are of the opinion that the plaintiff has not proved that he is totally and permanently, wholly disabled, by bodily injuries or disease, nor that he had become permanently and wholly prevented thereby from engaging in the business of general contractor, carpenter, concrete and superintendent and working therein, and thereon as claimed in the declaration.

The plain provisions of this policy provide that before the plaintiff can recover in this case he must become wholly disabled by bodily injuries or disease and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit. These provisions fall within that classification which provides for indemnity if the insured is disabled from performing any work or following any gainful occupation.

We can only consider the contract as the parties made it. We cannot help the beneficiary to escape the unfortunate consequences of an unwise or improvident contract made by the insured. There is no uncertainty

or ambiguity about the words as used in this contract of insurance. It is therefore our opinion that the trial court erred in finding the issues for the plaintiff, and holding as a matter of law, the proposition of law submitted by the plaintiff but the court should have held the law to be as stated in appellant's proposition (1), (2) and (3), as being applicable to this case.

The appellee, in his appeal general number 8774, assigns as error that the court erred in not allowing him the present value of the instalments payable during the natural expectancy of his life. Under our decision in this case it is not necessary to decide that question. It is our opinion that the declaration in this case does not state a cause of action which would entitle him to recover under the terms of this policy of insurance. The judgment of the circuit court of Lake county should be and is hereby reversed.

*Judgment reversed.*