GRAND LODGE BROTHERHOOD OF LOCOMOTIVE FIREMEN

*v.*

CHARLES ORRELL.

*Opinion filed December 16, 1903.*

1. APPEALS AND ERRORS—*questions not presented to Appellate Court cannot be considered.* An appeal from the Appellate Court in a suit at law brings the action of that court in review, and questions not presented to it are not before the Supreme Court for decision.

2. SAME—*when assignment of error cannot be considered.* That the Appellate Court erred in not reversing for error in admission of testimony cannot be considered by the Supreme Court, where the abstract of record filed in the Appellate Court fails to show any objections or exceptions to the evidence, and the typewritten transcript contained in the record shows no objections or exceptions except those interlined with a lead pencil, to which the abstract made no reference.

3. BENEFIT SOCIETIES—*when person is "totally incapacitated" from performing manual labor.* One who has power to use his hands at labor for a brief effort only, and not for a sufficient time to make the result of any benefit to him in the way of making a living, is "totally incapacitated from performing manual labor," within the meaning of a benefit certificate providing for the payment of full indemnity to one in such condition.

4. SAME—*when grand lodge cannot complain of manner of presenting claim.* Where a claim for indemnity is presented by a member of a benefit society in a manner satisfactory to the subordinate lodge, which certifies the same to the grand or supreme lodge, if the latter acts upon the claim as having been properly presented it can not complain as to the manner of such presentation when an action is brought to recover the indemnity.

5. INTEREST—*when interest is allowable on indemnity fund.* A judgment for the full indemnity provided for in a benefit certificate may include legal interest on the amount from the time that payment was refused after its proper presentation in accordance with the laws of the society.

*Grand Lodge B. of L. F.* v. *Orrell*, 109 Ill. App. 422, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jackson county; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

JACK, IRWIN, JACK & DANFORTH, and JOHN H. MURPHY, for appellant.

R. J. McELVAIN, and R. J. STEPHENS, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The circuit court of Jackson county, on a trial before the court and a jury, awarded the appellee a judgment in the sum of $2152.50 against the appellant lodge on a beneficiary certificate, and on appeal to the Appellate Court for the Fourth District the judgment was affirmed. The case comes into this court on a further appeal of the appellant lodge.

The assignment as for error that the Appellate Court erred in not reversing the judgment of the circuit court because that court erroneously admitted testimony in behalf of the appellee cannot be considered, for the reason such complaints were not presented for decision to the Appellate Court. It appears from the opinion of the Appellate Court that the record, as abstracted, did not show that any objections were offered in the trial court to the reception of this evidence, or that any ruling as to the admissibility of such evidence was asked of the trial judge or exception of any kind taken. The abstract, as prepared for the submission of the cause to this court, shows objections and exceptions to the introduction of the evidence, but counsel for the appellee, by leave of the court first had, filed a certified copy of the abstract on which the cause was submitted in the Appellate Court, and it fails to show that the appellant objected in the trial court to the evidence or that any exceptions were preserved. The transcript of the evidence found in the record is typewritten, and no objections or exceptions as to this evidence appear in typewriting. Objections and exceptions have been interlined with a lead pencil, but the abstract prepared for the submission of the case in the Appellate Court did not refer to any of the ob-

206—14

jections or exceptions now appearing in pencil writing. This appeal brings the action of the Appellate Court in review, and questions not presented to the Appellate Court are not before us for decision. *Indiana Miller's Mutual Fire Ins. Co.* v. *People,* 170 Ill. 474.

Many objections are urged against the instructions given to the jury. Those having reference to instruction No. 1 given at request of the appellee, in the greater degree arise from the effect of the word "not," which, as appears from the abstract, was used in a phrase of the instruction, "as is not here claimed." The instruction as abstracted appears in the record as originally certified, but counsel for the appellee procured an additional transcript to be filed in the Appellate Court, which additional transcript contains a corrected copy of the instruction, from which it appears the word actually used in the phrase of the instruction was "now," and that the word "not" did not appear in the instruction, leaving the phrase to read, "as is now here claimed." Instruction No. 1 as given by the court is not abstracted, and therefore is not before us for review.

The beneficiary certificate sued on provided for the payment to appellee of the sum of $1500 "in the event of his total disability." His suit was to recover for that cause. The right of the appellee to recover depended, in part, upon the meaning to be given the phrase, "totally and permanently incapacitated from performing manual labor," as employed in the following by-law of the appellant lodge:

"Sec. 60. A beneficiary member in good standing who shall be totally and permanently incapacitated from performing manual labor shall be entitled to the full amount of his beneficiary certificate, provided that all claims arising under the provisions of this section shall be referred to the grand lodge officers, who shall make a personal investigation thereof, employing such physicians as in their judgment may be necessary to determine the

validity of the same, all expense so incurred to be paid by the claimant unless assumed by the lodge of which he is a member."

Instruction No. 9 given at the request of the appellee was as follows:

"The term 'manual labor,' in its ordinary and usual meaning and acceptation, means labor performed by and with the hands or hand, and it implies the ability for such sustained exercise and use of the hands or hand at labor as will enable a person thereby to earn or assist in earning a livelihood.  Being able to temporarily use the hands or hand at and in some kind of labor, but without the ability to sustain such ordinary exercise and use of the hands at some useful labor whereby money may be earned to substantially assist in earning a livelihood at some kind of manual labor, does not constitute the ability to perform manual labor as it must be understood was contemplated by the parties to the indemnity contract sued upon and relied on in this action."

The purpose of this instruction was to define the meaning of the words "manual labor," and to advise the jury as to the physical condition which would constitute total incapacity to perform manual labor.  Counsel for appellant lodge insist that the phrase "total incapacity" means absolute and complete inability to perform any labor whatever with the hand or hands, and the criticism upon the instruction is, that it erroneously advised the jury that the appellee may be regarded as totally incapacitated though he be not absolutely incapacitated to use his hand or hands in some manner of useful labor. The construction given by the instruction is proper.  A condition of absolute and complete incapacity to do any manual labor ought not to be regarded as the true construction of the language of the by-law.  Total inability to perform manual labor to an extent necessary to entitle him to receive earnings is what is meant.  One who has power to use his hand or hands at labor for a brief

effort only, and who is lacking in power to sustain the effort for a sufficient length of time to make the result thereof of any benefit to him in the way of assisting in his support, is for all practical purposes and in every actual sense totally incapacitated from performing manual labor.

The meaning to be given the word "permanently," used in the by-law in connection with the condition of incapacity, was given in a number of instructions, among them instructions Nos. 5, 13 and 15, which, in substance, charged the jury that the disability or incapacity, to be deemed permanent, must be shown to be such that "it will exist throughout all time." It must not be understood we approve of this construction of the word "permanent," but the appellant company cannot complain that it is unjust to it.

Counsel for the appellant lodge insist that compliance with the requirements of sections 60 and 62 of the by-laws, that all claims for indemnity shall be referred to the grand lodge, is a condition precedent to the right of recovery of such indemnity. The case made by the appellee was, that he became totally and permanently incapacitated to perform manual labor in consequence of personal injuries received in two railroad accidents. Three different claims for insurance for total disability were made by the appellee to the subordinate lodge, and were by the local order referred to the grand lodge, and were acted upon by that body. Counsel, however, urge that neither of such claims asked indemnity arising from personal injuries, and therefore insist that the claim on which the appellee recovered judgment had never been brought to the notice of the grand lodge or been acted upon by it. On this contention counsel base the remaining objections as to the ruling of the court in passing upon the instructions.

The appellee laid his respective claims before the subordinate lodge in some manner,—whether verbally or

by a written statement, or what cause was given for the disability, if any, by him in either of the claims, does not appear,—and the subordinate lodge certified to the grand lodge that the appellee had applied for the indemnity.    These certificates of the local lodge are in the record.    Two of them make no reference to the cause of the alleged disability of the claimant, and the third contains a statement that the local lodge believes the claimant "is totally and permanently disabled from performing manual labor from the following cause: Tuberculosis, affecting principally the left lung; the disability is total and permanent."    The evidence tended to show a locomotive engine on which the appellee was working as a fireman, in consequence of a wash-out of the track, was overturned, and he was caught between the cab and tank and crushed and injured about the neck, breast, stomach and other portions of the body; that he was pinioned in the wreck and immersed in the swiftly running water, and that as a consequence of the injuries and the exposure he became afflicted with chronic catarrh and with tuberculosis of the left lung.    This affliction is given in the last certificate of the local lodge to the grand lodge as the ground of the claim.    It does not appear from the record but that the appellee, in the presentation of his claims to the subordinate lodge, disclosed the same and all of the causes of disability that appeared in the evidence on the trial.    The appellee presented his claims in a manner satisfactory to the subordinate lodge; that body certified them, in accordance with the custom and usage of the order, to the grand lodge; the superior organization received and acted upon the claims as having been properly presented, and it cannot now be allowed to urge complaints as to the manner of the presentation of the claims.    The instructions were in harmony with the views we have expressed.

The verdict and judgment included interest on the amount specified in the beneficiary certificate at the rate

of five per cent from the date of the rejection by the grand lodge of the claim of appellee last referred to that body. The certificate is for a specified sum of money, which appellee should receive if entitled to indemnity for total disability. That sum became due when the contingency of its payment accrued and the requirements of the by-laws as to the presentation of the claim had been complied with and payment refused. Interest was properly allowed from the date of such refusal. (*Massachusetts Mutual Life Ins. Co.* v. *Robinson,* 98 Ill. 324; *Supreme Lodge A. O. U. W.* v. *Zuhlke,* 129 id. 298; *Northwestern Traveling Men's Ass.* v. *Schauss,* 148 id. 304; *Grand Lodge A. O. U. W.* v. *Bagley,* 164 id. 340.) In *Railway Passenger, etc. Ass.* v. *Loomis,* 142 Ill. 560, and *Same* v. *Tucker,* 157 id. 194, the contract for indemnity was only partly in writing, and for that reason interest did not accrue under the statute.

The judgment is affirmed. The costs of the additional abstract furnished by the appellee will be taxed to the appellant lodge.                          *Judgment affirmed.*