248

Arthur B. Steffan, Appellee, v. Bankers Life Company
of Iowa, Appellant.

Gen. No. 36,045.

Opinion filed July 13, 1932.

BULL, LYTTON & OLSON, for appellant.

JOHN G. RIORDAN, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Defendant appeals from a judgment of $150 entered upon trial by the court of an action by plaintiff to recover benefits under a total and permanent disability clause of a life insurance policy. The defense is that plaintiff was not totally and permanently disabled; that defendant would be obligated only if such condition existed when it received proof of such disability, and that when proof was made such disability did not exist; that in any event plaintiff would not be entitled to payment from the date of the accident.

The policy issued by defendant was a life insurance policy with a provision for benefits in the event the assured was permanently disabled; it is not the ordinary accident policy. It provides that,

"If the insured becomes totally and permanently disabled as herein provided . . . from any cause originating after the date hereof the company, upon receipt of due proof of such disability, and that it has existed continuously for ninety days, will grant the following benefits to the insured: Will waive payment of any premium falling due thereafter and while such disability continues. Will pay 1 per cent of the amount of the policy (not including dividend additions or accumulations) and a like sum on the same day of each month thereafter, during the continuance of such disability, but in no event beyond the maturity of the policy by death or endowment."

Total and permanent disability are defined in the policy:

"Disability shall be deemed total when the insured is disabled to such an extent that he is thereby wholly prevented from performing any work or engaging in any occupation whatsoever for remuneration or profit.

"Disability shall be and is only to be considered permanent when the insured has been so totally disabled, continuously, for a period of ninety days."

Plaintiff was employed as a railroad switchman, sometimes as conductor and brakeman. January 6, 1931, while engaged in his work, he sustained injuries consisting of a cut and fracture of the little finger and a fracture of the next finger of the right hand; he received immediate medical attention. March 21, 1931, a doctor found that the cut and fracture had healed. Plaintiff returned to his work April 7, which was the 91st day after he was injured. April 9, a doctor examined his hand and testified that at that time there was about a 25 per cent limitation in the hand, which was about the same condition present at the prior examination on March 21. Plaintiff testified that his hand looked and felt about the same a week before he went to work as it did the day he returned to work. April 6, plaintiff notified defendant he had been injured, requesting a blank form of claim; he wrote again April 13th and received the form which he filled out and signed under date of April 13, and returned it to defendant.

There is in evidence not only the proof of claim in plaintiff's handwriting, but also two letters written by him in longhand. Defendant very pertinently argues that the very excellent penmanship of these writings indicates that the injury to plaintiff's hand had passed away.

Plaintiff makes no claim for benefits on account of disability after 90 days immediately following the acci-

dent. The judgment was at the rate of $50 a month for these first 90 days.

The record clearly shows that plaintiff was not totally and permanently disabled. We may concede, with plaintiff's counsel, that the policy does not mean that plaintiff should be completely helpless, but it does mean, as stated in a case cited by him, ''total inability to perform manual labor to an extent necessary to entitle him to receive earnings is what is meant.'' *Grand Lodge Brotherhood of Locomotive Firemen v. Orrell,* 206 Ill. 208. The policy defines total disability to be when the insured is disabled to such an extent that he is prevented from performing any work or engaging in any occupation whatsoever for remuneration or profit. Two facts negative the idea of plaintiff's total and permanent disability: (1) His return to his usual labor on the day following the expiration of the 90 days; (2) the excellence of his handwriting. In *Supreme Tent of Knights of Maccabees v. King,* 79 Ill. App. 145, it was held that total disability means total disability for all kinds of business. To the same effect is *Buckner v. Jefferson Standard Life Ins. Co.,* 172 N. C. 762. It would call for some exercise of the imagination to say that the comparatively slight injury to the fingers of plaintiff's hand caused total and permanent disability.

Defendant would incur no liability until it had received due proof of such disability and that it had existed continuously for 90 days. When plaintiff presented his proof on April 13 he was already engaged in his usual employment. How, then, could it be said that there was proof of total and permanent disability at this time? As was said in *Mackenzie v. Equitable Life Assur. Soc.,* 248 N. Y. S. 413, where a similar clause was under consideration, ''The mere fact that the plaintiff was totally disabled for a period of three months will not entitle him to compensation if the total

disability was not present at the time of the notification.'' In this case the court considered the 90-day provision as creating a presumption for the benefit of the assured, and, that ''In a case where an assured presented a claim at the expiration of three months and the total disability was present, but it could not be determined whether it would be permanent or not,'' the presumption of permanency would continue until rebutted by the company; and the opinion continues: ''However, the distinction arising in the case at bar is that the total disability was not present at the time the plaintiff presented his claim to the defendant, and therefore there could not be any presumption of permanency.'' This opinion was rendered in a case where it was not disputed that plaintiff was totally disabled for a period of over six months.

In *Mid-Continent Life Ins. Co. v. Walker,* 128 Okla. 75, 260 Pac. 1109, the distinction was pointed out between the provisions of an accident policy and a life insurance policy, and it was there held that liability did not attach from the date of the accident but six months after the receipt of proof of injury as provided in the policy.

In the recent case of *Bergholm v. Peoria Life Ins. Co.,* 284 U. S. 489, the court had under consideration the language of a policy very similar to the one before us, and it was held: ''Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the Company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof.'' The court also said, with reference to the rule that in case of an ambiguity an insurance policy and its provisions must be construed most favorably to the assured, that this rule ''furnishes no warrant for avoiding hard consequences by importing into a contract

an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings.'' It was held to the same effect in *Brams v. New York Life Ins. Co.*, 299 Pa. 11; *Wick v. Western Union Life Ins. Co.*, 104 Wash. 129.

The company agreed, upon receipt of due proof of total disability, to waive the subsequent payment of premiums, or to pay one per cent of the amount of the policy, which would be $50. It apparently was the theory of the trial court that defendant's liability became retroactive and that defendant was liable from the date of the injury and hence gave plaintiff three months' benefits, or judgment for $150. Even if plaintiff had been proven totally and permanently disabled, which was not proven, he would not be entitled to a first payment of more than $50, as there was no liability imposed on defendant prior to the receipt of proof of total and permanent disability. *Perlman v. New York Life Ins. Co.*, 254 N. Y. S. 646.

For the reasons indicated, and especially on the ground that at the time proof was made plaintiff was not suffering from total and permanent disability because of the injury, we hold that there was no liability upon the defendant and that the judgment was erroneously entered. It will therefore be reversed, with a finding of fact.

*Reversed with a finding of fact.*

MATCHETT, J., concurs.

MR. JUSTICE O'CONNOR took no part in the consideration of this case.

Finding of fact: We find that defendant was not liable under its policy of insurance to plaintiff because of the injury described in his statement of claim.