**BECK v. ZURICH GENERAL ACCIDENT &
LIABILITY INS. CO., LIMITED, OF
ZURICH, SWITZERLAND.**

No. 4772.

Circuit Court of Appeals, Seventh Circuit.
Jan. 23, 1933.

John M. Tuohy and David J. Greenberg, both of Chicago, Ill. (Ryan, Condon & Livingston, of Chicago, Ill., of counsel), for appellant.

Ralph F. Potter, of Chicago, Ill. (Cassels, Potter & Bentley, of Chicago, Ill., of counsel), for appellee.

Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.

SPARKS, Circuit Judge (after stating the facts as above).

The first question presented by this appeal is whether there was material evidence presented which tended to show that appellant, with reference to the business and occupation for which he was insured, sustained a complete and permanent loss of use of his right hand or arm as a result of disease, within the purview of the policy. If there was such evidence the case should have been submitted to the jury, otherwise the directed verdict was proper.

It is contended by appellant that the policy primarily was intended to and did insure him as an operating surgeon, and that as a practitioner of medicine he was engaged as such only as an incident to his profession of operative surgery, and that his right to recover for the loss of use of his right hand and arm as an operative surgeon is not defeated by the fact that he is yet able in some degree to use his hand and arm in the practice of medicine in the manner in which he had engaged in the practice of medicine prior to his illness. He further contends that the use of his arm and hand is completely and permanently lost for all practical purposes in pursuing the occupation or occupations for which he was insured.

Counsel agree that in an accident insurance policy such as the one in suit, which provides for indemnity for the complete and permanent loss of the use of a hand or arm, a liability arises where the use is lost for all practical purposes; in other words, where the arm and hand remain they must be of some actual practical use to the assured in order to defeat insurer's liability. Pan-Amer-

ican Life Insurance Co. v. Terrell (C. C. A.) 29 F.(2d) 460; Murray v. Ætna Life Insurance Co. (D. C.) 243 F. 285; Grand Lodge Brotherhood of Locomotive Firemen v. Orrell, 206 Ill. 208, 69 N. E. 68.

█ We think it is clear under the terms of this policy, which is classified by appellee as a "Special Professional Coverage," that liability will not be defeated by every remaining actual practical use, but, in order to defeat liability on that ground, such remaining use must relate to the occupation covered by the policy.

█ There seems to be no serious controversy between the parties as to the law in this respect, and the issue is whether or not there remains to appellant some actual practical use of his arm and hand in the pursuit of the occupations covered by the policy.

We think this question must be answered in the affirmative. This conclusion is based upon appellant's testimony, which is the only evidence introduced on that subject.

The policy insures appellant as a physician and surgeon, and there is no ambiguity in this respect. Appellant testified that at the time of his injury 95 per cent. of his work was surgery. That fact may have existed at the time the policy was issued, but, if so, it forms no part of the contract, nor is there evidence that appellee knew it when the contract was made.

Surgery is commonly defined as the art or practice of healing by manual operation. It is that branch of medical science which treats of mechanical or operative measures for healing diseases, deformities, or injuries. It obviously presupposes a knowledge and practice of medicine as applied to surgical cases. It is fair to say from the evidence that it also contemplates examination, manual and otherwise, diagnosis, and preliminary and subsequent treatment. We assume that examinations, diagnosis, and treatment in a strict sense are to be considered as the practice of medicine incident to surgery, and not as surgery itself; but, be that as it may, all of these things were done by appellant in connection with his operative surgery at the time the policy was issued, and they, together with operative surgery, were unquestionably covered by the policy.

Appellant's testimony discloses that he is now, and has been since his sickness, doing everything in the practice of his profession that he did before his sickness with the exception of using the knife in the operations, and in doing those things he uses his right hand and arm—not perhaps as well or with as much ease as he formerly did, but certainly in such manner and extent as to constitute some actual practical use of his right arm and hand in the pursuit of his profession. The use of a stethoscope and other instruments of examination, the act of percussion, the writing of prescriptions, the bimanual examination for adhesions as a result of abdominal operations, and for other purposes, are all matters in which the right hand and arm perform some actual practical function, and appellant testified that he does these things, although not with ease. As to whether appellant is able to administer surgical aid in cases where the knife is not used, such as the reduction of fractures, the record is silent. If he is able to do such things by the use of his right hand and arm, that, it seems to us, would be some actual practical use of his right arm in the pursuit of his profession as an operative surgeon; and it would defeat liability on the policy.

There is no doubt that appellant has sustained a very great and serious loss in the use of his right arm and hand, and it is permanent. He has been deprived of that use which no doubt was dearer to him than any other part of his work; but that fact of itself is not determinative of his right to recover in this action. This is not a suit for damages, but it is one to enforce a contract right, and we cannot enlarge the terms of the contract. The burden of proof was upon appellant to show that no actual practical use of his hand and arm as a physician or surgeon remained, and in this he has failed.

Appellant insists, however, that the question now under discussion is one of fact, and should have been submitted to the jury. This would be true if the evidence were conflicting, or if there were some substantial evidence in the record upon which a verdict for appellant could be sustained. We think the evidence is not conflicting, and if the jury had returned a verdict for appellant there is no evidence in the record, substantial or otherwise, to support it. We think there was no error in directing a verdict for appellee.

█ The alleged errors concerning the exclusion of evidence pertain to oral statements of, and printed advertisements by, the agent of appellee. They relate to the agent's construction of the words "Special Professional Coverage," which appear in the policy. They were properly admissible only in case the terms used in the policy were ambiguous in

their meaning. We think there is no ambiguity in the terms used, and that the agent's interpretation is not inconsistent with the one we have adopted.

Judgment affirmed.