## FRANCIS R. PREVEDEN v. METROPOLITAN LIFE INSURANCE COMPANY.[1]

August 6, 1937.

No. 31,162.

[1]Reported in 274 N. W. 685.

*Snyder, Gale & Richards* and *Edmund T. Montgomery,* for appellant.

*Roderick Dunn,* for respondent.

HILTON, JUSTICE.

This is an appeal from the order of the district court of St. Louis county denying defendant's motion for judgment notwithstanding the verdict or for a new trial after a verdict was rendered therein for the plaintiff.

The action was brought to recover 13 instalments claimed to be due under disability riders attached to two $10,000 life insurance policies issued by the defendant to the plaintiff in Illinois in April, 1928. By the terms of each rider plaintiff was to receive $100 a month upon the defendant's receipt of due proof that,—

"\* \* \* the insured has \* \* \* become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said Policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, \* \* \*."

Plaintiff, a man 46 years of age, by reason of an accident March 5, 1934, claims that he was totally and permanently disabled so as to

be entitled to the payments provided for under the terms of the above disability clauses. He testified that on the day in question the walks and streets in the city of Duluth, Minnesota, were slippery, due to snow and ice, and that while he was descending a hill he slipped and fell several times. It is also his claim that he suffered a head injury in falling, which has led to a gradual deafness, upon which he bases his right to receive total and permanent disability benefits from the defendant.

It appears that the plaintiff has devoted nearly his entire life to the study and teaching of languages, and at the time of the accident he was teaching in a school in Duluth. He testified that he has not been able to teach since he lost his hearing. The trial resulted in a verdict for the plaintiff for $2,600, representing $200 a month for the period from December 1, 1934, to January 1, 1936.

Defendant contends that the learned trial court committed error in admitting, over defendant's objections, the testimony of certain medical witnesses. We think this point is well taken. Dr. Hayden testified that he examined the plaintiff several times but did not examine him at any time for the purpose of treating him for loss of hearing. He was permitted to give his opinion as to the probable cause of the plaintiff's deafness, its nature and degree, and also its permanency. This opinion was based partly on the statements of the plaintiff made to the witness in relating the history of the case and the various symptoms of which he complained, and partly on the result of certain tests which the witness had given the plaintiff. The witness was permitted to relate what the statements were that the plaintiff made to him and also to describe fully the nature of the tests given and the results reached.

It is obvious that Dr. Hayden was consulted for the purpose of qualifying him to testify. He stated on the stand that he was not consulted for the purpose of treatment. The opinion of a physician or surgeon as to the condition of an injured or diseased person, based wholly or in part on the history of the case as told to him by the latter on a personal examination, is inadmissible where the examination was made for the purpose of qualifying the physician or surgeon to testify as a medical expert. Faltico v. Minneapolis

St. Ry. Co. 198 Minn. 88, 268 N. W. 857; 65 A. L. R. 1217, 1219. The circumstances under which the descriptive statements of a sick or injured person as to the symptoms and effects of his malady and the opinion of the expert witness based thereon are admissible are stated in Sund v. C. R. I. & P. Ry. Co. 164 Minn. 24, 26, 204 N. W. 628, as follows:

"First, they must have been made to a medical attendant for the purpose of medical treatment. Second, they must relate to existing pain or other symptoms from which the patient is suffering at the time, and must not relate to past transactions or symptoms, however closely related to the present sickness. Third, such statements are only admissible when the medical attendant is called upon to give an expert opinion based in part upon them." (Citing cases.)

The danger of admitting such testimony is apparent. When a doctor is consulted for the purpose of treatment it may safely be assumed that the patient will tell the truth to the doctor since he is interested primarily in being cured. However, when he goes to a doctor for the purpose of qualifying the latter to testify, the natural tendency and inducement would be to the contrary.

The same might be said for the tests given by Dr. Hayden to the plaintiff. They were not for the purpose of enabling him to treat the plaintiff, and they depended almost entirely upon the subjective reactions of the patient. While the opinion of the doctor based thereon might be entirely correct, there is no method of determining if the reactions themselves were *bona fide* or feigned.

We have referred only to the testimony of Dr. Hayden. Similar error was committed in admitting the testimony of other medical witnesses, but it is unnecessary to make specific reference thereto. What has already been said will govern the admission of such testimony in the event of another trial. With reference to this possibility, it is necessary to discuss other errors assigned by the defendant.

· It is claimed that the trial court erred in instructing the jury as to what constitutes total and permanent disability within the meaning of the insurance contracts here involved. The policies are Illi-

nois contracts, and, this case is controlled by the law of that state. We are not concerned with what the result would be if the action were one based on a Minnesota contract.

The trial court charged the jury that if it found that the plaintiff "was suffering from such impairment of health and capacity that * * * he was unable to follow, with reasonable continuity, the substantial and material parts of some gainful work or occupation, * * *" it would be justified in finding that he was totally and permanently disabled within the meaning of the language of the policies. This instruction was substantially in accord with the law of Illinois. In Grand Lodge B. of L. F. v. Orrell, 206 Ill. 208, 210, 69 N. E. 68, 69, the by-law provided for the payments of benefits to a member of the organization "who shall be totally and permanently incapacitated from performing manual labor." One of the instructions to the jury given by the trial court in that case was as follows [206 Ill. 211]:

"The term 'manual labor,' in its ordinary and usual meaning and acceptation, means labor performed by and with the hands or hand, and it implies the ability for such sustained exercise and use of the hands or hand at labor as will enable a person thereby to earn or assist in earning a livelihood. Being able to temporarily use the hands or hand at and in some kind of labor, but without the ability to sustain such ordinary exercise and use of the hands at some useful labor whereby money may be earned to substantially assist in earning a livelihood at some kind of manual labor, does not constitute the ability to perform manual labor as it must be understood was contemplated by the parties to the indemnity contract sued upon and relied on in this action."

In approving this instruction, the Illinois supreme court used the following language (206 Ill. 211):

"The construction given by the instruction is proper: A condition of absolute and complete incapacity to do any manual labor ought not to be regarded as the true construction of the language of the by-law. Total inability to perform manual labor to an extent necessary to entitle him to receive earnings is what is meant. *One*

*who has power to use his hand or hands at labor for a brief effort
only, and who is lacking in power to sustain the effort for a sufficient
length of time to make the result thereof of any benefit to him in
the way of assisting in his support, is for all practical purposes and
in every actual sense totally incapacitated from performing manual
labor."* (Italics supplied.)

It is true that the disability insured against in that contract had
reference only to the ability of the insured to perform manual
labor, but the construction to be given the words "totally and per-
manently incapacitated" (or disabled) would be the same regard-
less of whether the disability against which the insured is indemni-
fied pertains to only one trade, occupation, or type of work, or to
all trades and occupations. Total and permanent disability does
not mean that the insured must be completely helpless or 100 per
cent deficient. Missouri State L. Ins. Co. v. Copas, 265 Ill. App.
478; Steffan v. Bankers L. Co. 267 Ill. App. 248; Hanon v. Kansas
City L. Ins. Co. 269 Ill. App. 135. There was no error in that part
of the court's charge quoted in this case.

The disability clause here involved does not indemnify the plain-
tiff against merely occupational disability, *i. e.,* a disability to en-
gage in his usual occupation as a teacher. It indemnifies him from
disability to carry on any occupation or work for a profit. Such is
the clear meaning of the language used in the policy, and in that
part of the court's charge quoted the jury was so instructed. De-
fendant claims however that the court erred in a subsequent part
of its charge. The instruction complained of is as follows:

"The fact that plaintiff might be able, occasionally, to perform
some trivial act, connected with or pertaining to his occupation or
profession, should you so find, would not render his disability par-
tial instead of total, *provided he was unable substantially, or to
some material extent, to perform acts essential to his profession or
occupation."* (Italics supplied.)

Defendant contends that the italicized part of the charge quali-
fied the balance of the court's instruction and required the jury to
hold that occupational disability was total disability within the

meaning of the disability clause involved. Clearly the first part of the above instruction was correct under the Illinois decisions hereinbefore cited. It might have been even broader to include trivial acts which the plaintiff might do in connection with, or pertaining to, any occupation or profession. However, that part of the instruction italicized is perhaps subject to criticism. It should have read, "provided he was unable substantially, or to some material extent, to perform acts essential to *any* profession or occupation." Since there must be a reversal on the grounds hereinbefore stated, we need not determine whether this so qualified the rest of the court's instruction as to prejudice the defendant.

Defendant also contends that the evidence is insufficient to sustain the verdict and is such as to require us to order judgment for it on the ground that the plaintiff has failed to prove total disability within the meaning of the insurance contracts involved. Plaintiff had the burden of proving that he was totally and permanently disabled, not only from carrying on his teaching profession, but also so as to be prevented from engaging in any occupation or trade for profit within the meaning of these disability clauses. Most of plaintiff's evidence seems to go to the proof of occupational disability, and there is considerable doubt as to whether or not he has sustained the required burden of proof as far as the present record reveals. However, we feel that there should be another trial if plaintiff be so advised rather than that judgment be ordered against him.

We deem it unnecessary to consider the other assignments of error. Reversed.

PETERSON, JUSTICE (concurring).

I concur in the foregoing opinion except the statement that when a patient goes to a doctor for the purpose of qualifying the latter to testify the natural tendency and inducement would be not to tell the truth. Such testimony is excluded not because the patient does not tell the truth to his doctor in qualifying him as an expert witness, but because there is danger in such cases that he might not do so.