FRANCIS R. PREVEDEN v. METROPOLITAN LIFE INSURANCE COMPANY.[1]

December 8, 1939.

No. 31,962.

[1]Reported in 289 N. W. 46.

394

*Roderick Dunn,* for appellant.

*Snyder, Gale & Richards, Edmund T. Montgomery, Mitchell, Gillette, Nye & Harries,* and *William O. Bissonett,* for respondent.

GALLAGHER, CHIEF JUSTICE.

This appeal is from an order granting defendant's motion for judgment in its favor notwithstanding a verdict for plaintiff.

The case involves a series of actions, tried as one case, to recover disability benefits under two life insurance policies issued by defendant to plaintiff at Chicago, Illinois, on April 4, 1928. It was here before and sent back for a new trial on defendant's appeal because of errors occurring at a former trial in district court. Preveden v. Metropolitan L. Ins. Co. 200 Minn. 523, 274 N. W. 685. On the new trial a verdict was again returned in plaintiff's favor with the result hereinbefore mentioned. On this appeal plaintiff contends: (1) That the trial court erred in its construction of the law of Illinois with reference to the disability provision involved herein; and (2) that the evidence reasonably sustains the jury's verdict.

The material clause of the policy provides that plaintiff would be paid $100 a month upon defendant's receipt of due proof that,—

"\* \* \* the insured has \* \* \* become totally and permanently disabled, as the result of bodily injuries or disease occurring and originating after the issuance of said Policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit \* \* \*."

To be totally and permanently disabled within the meaning of such a provision, as construed by the courts of Illinois, is to be unable substantially, or to some material extent, to perform acts essential to *any* profession or occupation. Mere inability on the part of the insured to perform acts essential to his *accustomed* profession or occupation does not constitute total disability. On the other hand, it is not required that the insured be helpless. Preveden v. Metropolitan L. Ins. Co. 200 Minn. 523, 274 N. W. 685; Grand Lodge v. Orrell, 206 Ill. 208, 69 N. E. 68; Missouri State L. Ins. Co. v. Copas, 265 Ill. App. 478; Steffan v. Bankers L. Co. 267 Ill. App. 248; Hanon v. Kansas City L. Ins. Co. 269 Ill. App. 135; Sibley v. Travelers' Ins. Co. 275 Ill. App. 323; Buffo v. Metropolitan L. Ins. Co. 277 Ill. App. 366.

Appellant contends that the Sibley case, *supra,* announces a different rule than that enunciated in other cited cases. With this we do not agree. It also claims that Ginsburg v. Prudential Ins. Co. 294 Ill. App. 324, 13 N. E. (2d) 792, is authority for the proposition that one is totally disabled when unable to follow his accustomed profession. Since that case involved the construction of the word "permanently" rather than "totally," we deem it not applicable to the problem before us.

The memorandum of the trial court indicates quite conclusively that it fully understood and applied the law of Illinois. Whether it was correct in deciding that the jury could not reasonably have concluded that plaintiff was totally disabled within the definition of that term given by Illinois courts remains to be seen.

■ From plaintiff's testimony it can be gathered that he is 47 years old and highly educated in languages, being able to translate about 25. On March 5, 1934, at and prior to which time he taught in a college in northern Minnesota, he fell down on an icy street striking his head. During the following ten days he experienced considerable discomfort, including ringing sounds in the head and at various times from March 15 of the same year he has obtained medical aid in an effort to remedy increasing deafness, which has been so severe as to prevent him from conducting class.

He has attempted to find employment in other remunerative fields but without success.

The extent to which plaintiff has suffered from deafness since March, 1934, formed the subject of the bulk of the other testimony. Most favorable from plaintiff's standpoint was the testimony of Dr. A. A. Hayden of Chicago, who estimated that on the basis of examinations conducted by him in August and September, 1934, plaintiff could at that time hear conversations in his right ear at two inches and in his left at two feet and that subsequent examinations disclosed similar lack of auditory power. It is difficult to reconcile these conclusions with those of Dr. E. L. Armstrong, also called by plaintiff, who testified that examinations made in March and June of 1934 disclosed that plaintiff could hear normal conversations up to 30 feet and that his loss of hearing (25 per cent in the right ear) was such that normal persons so suffering might not even know it.

Numerous witnesses for defendant testified that at various times during 1934, 1935, and 1936 they had heard plaintiff engaged in telephone conversations without any apparent difficulty and that they had talked with him at times when he gave no indication of being deaf. An interest in the outcome of the suit may have affected some of these witnesses, but others, including Marvin F. Hughes, Y. M. C. A. secretary in Duluth; Charles S. Bolf, clerk at the Duluth Y. M. C. A.; Ruth Nelson Aman and Mrs. Bertha Lund, who observed plaintiff when he stayed at a Duluth apartment on occasions during 1934 and 1935; and Saima Rahja and Marie Kenney, waitresses in Miller's cafeteria in Duluth where appellant ate his breakfast for several weeks in 1935 and 1936, had no apparent interest in the controversy and were not contradicted or impeached. Interesting also is the testimony of Dr. Anderson C. Hilding called by defendant, who testified that he examined appellant at the latter's request in 1935; that the examination, largely subjective in form, brought inconsistent responses from the patient; that on one occasion when he was standing six to eight feet away from plaintiff he spoke to him in German and

that plaintiff not only understood him but also corrected his grammar.

The preponderance of the evidence supports the conclusion that plaintiff was only partially deaf. This conclusion cannot be escaped when, as the trial court writes in its memorandum, "the attorneys, in examining the plaintiff while he was on the witness stand, stood about six to eight feet away, and with but a slight elevation of voice on the part of counsel, the plaintiff heard practically all the questions."

Can it be said that under the circumstances outlined plaintiff is unable substantially, or to some material extent, to perform acts essential to *any* profession or occupation? Notwithstanding his own testimony to the effect that he is unable to do so and the medical testimony in support thereof, we think that the question must be answered in the negative. We are not unmindful of the fact that 40 years of study and work in one field limits the scope of one's capabilities. On the other hand, it will be conceded that the policy was not intended to cover unemployment caused by factors other than the insured's inability to work. We feel, therefore, that the trial court correctly disposed of the case.

Affirmed.