132 So.2d 786 (1961)
William MARSHALL, Appellant,
v.
Virginia PAPINEAU and Ivan J. Papineau, Appellees.
No. C-298.
District Court of Appeal of Florida. First District.
September 19, 1961.
Alfred A. Green, and Alfred A. Green, Jr., Daytona Beach, for appellant.
*787 Wesley A. Fink, Daytona Beach, for appellees.
CARROLL, DONALD K., Chief Judge.
The defendant in an automobile collision case has appealed from a final judgment entered against him by the Circuit Court for Volusia County based upon a jury verdict.
The principal contention made by the appellant on this appeal is that the trial court committed reversible error in overruling his objections to the testimony given at the trial of the cause by Dr. Charles J. Wolfe, who testified for the plaintiffs concerning the injuries suffered by the plaintiff wife, the appellant contending that the testimony was inadmissible because Dr. Wolfe was an "examining," instead of a "treating," physician under the rule next discussed.
In support of this contention the appellant in his brief has cited and quoted from decisions from Iowa, Minnesota, and Texas, recognizing the rule that the opinion of a physician or surgeon as to the condition of an injured plaintiff, based wholly or in part on the history of the case as told to him by the latter on a personal examination, is inadmissible when the examination was made for the purpose of qualifying the physician or surgeon to testify as a medical witness. These cases are Devore v. Schaffter, 1954, 245 Iowa 1017, 65 N.W.2d 553, 51 A.L.R.2d 1041, Preveden v. Metropolitan Life Ins. Co., 1937, 200 Minn. 523, 274 N.W. 685, and Texas Employers' Ins. Ass'n v. Wallace, Tex.Civ.App. 1934, 70 S.W.2d 832. The reason underlying this rule was thus expressed by the Supreme Court of Minnesota in Preveden v. Metropolitan Life Ins. Co., supra [200 Minn. 523, 274 N.W. 686]:
"The danger of admitting such testimony is apparent. When a doctor is consulted for the purpose of treatment, it may safely be assumed that the patient will tell the truth to the doctor since he is interested primarily in being cured. However, when he goes to a doctor for the purpose of qualifying the latter to testify, the natural tendency and inducement would be to the contrary."
We recognize this exclusionary rule as sound when applied to the testimony of a physician or surgeon who can properly be categorized as an "examining physician" rather than a "treating physician." We think, however, that in the present case Dr. Wolfe was shown to be a treating physician, and hence the rule cannot correctly be invoked to exclude his testimony.
The evidence at the trial showed that on March 28, 1959, the plaintiff wife was given first aid by Dr. Wolfe, a local general practitioner, a few minutes after the collision occurred. She was then taken to a local hospital, where she was apparently the patient of Dr. Wolfe until her release on April 12, 1959. Upon her release she returned to her home in a suburb of Cleveland, Ohio, where she remained until late in October, 1960, when she left for Volusia County, Florida, for the trial of this cause set for November 14 and 15, 1960. Upon her return to the said county she was reexamined by Dr. Wolfe on October 31, 1960. On cross-examination at the trial he admitted that the medical opinion he had given was based at least in part on the statements made to him on that date. Dr. Wolfe was one of eight physicians, surgeons, and dentists who gave medical testimony, personally or by deposition, in the trial. At the trial the defendant admitted liability, so the sole issue left for the jury's determination was that of damages.
It cannot be disputed that Dr. Wolfe became a treating physician a few minutes after the collision occurred, and we do not think that in the eyes of the law that his status changed merely because the plaintiff wife left the state to go to her home in Ohio after her discharge from the hospital and did not return to Volusia County, Florida, until shortly before the trial.
In the case of Quirk v. Schramm, 1948, 333 Ill. App. 293, 77 N.E.2d 417, 420, the *788 Illinois Court of Appeals was confronted with a comparable situation. The defendants in that case appealed from a judgment for the plaintiff and questioned the admissibility of the testimony of a doctor who saw and treated the plaintiff immediately after the accident happened, but did not treat her for a period of one year and seven months prior to his testifying. The court, in affirming the judgment, said:
"Complaint is also made by the defendants with respect to the testimony at the trial in September of 1946 by Doctor Klabacha in reference to subjective complaints of pain on the ground that he was not her attending physician at the time of the trial. The evidence shows that Doctor Klabacha treated plaintiff Mary Quirk for a period of four or five weeks commencing on the evening of the occurrence and that a year and seven months had elapsed from the time he last treated her to the time of the examination made at the court house for the purpose of testifying. Defendants rely on Greinke v. Chicago City Ry. Co., 234 Ill. 564, 85 N.E. 327, and Thomas v. Illinois Power & Light Corp., 247 Ill. App. 378. An examination of these cases discloses that in each case the physician who was called as a witness had not treated the injured person but had made an examination solely as a basis upon which to found an opinion to be given in the trial. It is not disputed that Doctor Klabacha was plaintiff's attending physician and we do not think that his absence in the army changed his status as an attending physician."
At the trial of the present case the jury in its verdict awarded the plaintiff wife $40,000 in damages and the plaintiff husband $7,200. The appellant contends that the first amount is excessive and appears to have been given under the influence of prejudice and unwarranted sympathy. Our study of the trial records leads us to no such conclusion, and we think the entire verdict is supported by the evidence at the trial.
The other points raised by the appellant on this appeal are not, in our opinion, of substantial merit.
Finding no reversible error, we affirm the final judgment appealed from.
STURGIS and WIGGINTON, JJ., concur.