ALLEN, Chief Judge.
Appellant, Walter J. Troj, plaintiff below, appeals from a final judgment entered in his favor pursuant to a jury verdict of $6,500.00. Appellant is only arguing the issue of damages.
This case originated from a Minute Book entry, which was our Case No. 7045, rather than a final judgment. Subsequently, the proper judgment was entered and the briefs filed in Case No. 7045 were authorized to be used in the current case, which is number 67-28.
Plaintiff-appellant Troj received injuries when his vehicle, which was stopped at a traffic light at a Tampa intersection, was rear-ended by the tractor-trailer owned by defendant-appellee Walters and driven by defendant-appellee Hampton Smith.
The case went to trial where appellant obtained a favorable directed verdict on negligence. The extent of appellant’s damages remained the only issue to be tried.
The evidence showed that appellant was injured on August 20, 1964. He was first examined and treated on August 25, 1964, by Dr. Stanford, an orthopedist in Orlando, Florida. Then he went under the care of Dr. Spencer Way from September to about November, 1964. In November of 1964, the plaintiff went to Dr. Leeds, a neurosurgeon, and in December of 1964 he went to Dr. Constantine in Merritt Island. Subsequently, the plaintiff went to Dr. Bechtel from about April to June of 1965, and in June of 1965 he went to Dr. Chester Thompson, another neurosurgeon. According to the brief of the appellees, none of these Florida doctors were called upon by the appellant to testify at the trial.
The depositions of Doctors Homza and Foley, who treated appellant in Bridgeport, Connecticut, were read into evidence. Doctor Foley testified that appellant had a neck sprain and a sprain of the low back. Doctor Homza testified that the accident herniated certain discs in the region of appellant’s neck.
Dr. Irving J. Sherman testified by deposition that his diagnosis showed that appellant had “cervical disc pathology and might have lumbar disc pathology as well.” Dr. Sherman was then asked whether he had an opinion within the bounds of reasonable medical certainty as to the cause of the patient’s condition which he had *287 found. The doctor stated, “Yes, although I must specify that this opinion is on the basis of a history given to me by the patient.” The opinion given by the doctor was that appellant’s condition was caused by a trauma sustained in an automobile accident which occurred on August 20, 1964. This testimony was proffered and excluded because Dr. Sherman was not considered a treating physician.
The sole point involved on this appeal is whether the trial court erred in excluding from evidence Dr. Sherman’s opinion on the ground that he was not a treating physician.
The plaintiff contended that his employment of Dr. Sherman was for the purpose of medical treatment and not for legal purposes.
The First District Court of Appeal, in an opinion by the then Chief Judge Carroll, in the case of Marshall v. Papineau, Fla.App.1961, 132 So.2d 786, discusses the reasons and the law applicable thereto as to why a doctor, testifying as a medical expert, who was not the treating physician, cannot testify where his conclusions of the medical injuries are based on, or partly on, opinion evidence given to him as a history of the case.
In Marshall, it was held that the medical witness was a treating physician as he saw the injured person a few minutes after she was injured and he treated her while she was in the hospital.
The opinion stated:
“In support of this contention the appellant in his brief has cited and quoted from decisions from Iowa, Minnesota, and Texas, recognizing the rule that the opinion of a physician or surgeon as to the condition of an injured plaintiff, based wholly or in part on the history of the case as told to him by the latter on a personal examination, is inadmissible when the examination was made for the purpose of qualifying the physician or surgeon to testify as a medical witness. These cases are Devore v. Schaffter, 1954, 245 Iowa 1017, 65 N.W.2d 553, 51 A.L.R.2d 1041; Preveden v. Metropoli tan Life Ins. Co., 1937, 200 Minn. 523, 274 N.W. 685; and Texas Employers’ Ins. Ass’n v. Wallace, Tex.Civ.App.1934, 70 S.W.2d 832. The reason underlying this rule was thus expressed by the Supreme Court of Minnesota in Preveden v. Metropolitan Life Ins. Co., supra [200 Minn. 523, 274 N.W. 686]:
“ ‘The danger of admitting such testimony is apparent. When a doctor is consulted for the purpose of treatment, it may safely be assumed that the patient will tell the truth to the doctor since he is interested primarily in being cured. However, when he goes to a doctor for the purpose of qualifying the latter to testify, the natural tendency and inducement would be to the contrary.’
“We recognize this exclusionary rule as sound when applied to the testimony of a physician or surgeon who can properly be categorized as an ‘examining physician’ rather than a ‘treating physician.’ We think, however, that in the present case Dr. Wolfe was shown to be a treating physician, and hence the rule cannot correctly be invoked to exclude his testimony.”
The lower court inferred that Dr. Sherman was an examining physician, which disqualified him from rendering an opinion as to the cause of plaintiff’s medical disorder based partly on plaintiff’s related history of the case.
The reason given by the court for excluding the proffered testimony is found in the doctor’s deposition wherein the doctor said: “Actually, I don’t think we reached a point of treating this patient. Myself, I worked with diagnostics, and that’s all I have to say.”
A determination of an expert’s competency is generally discretionary with the trial judge. State Road Dept. v. Fal *288 con, Inc., Fla.App.1963, 157 So.2d 563; Myers v. Korbly, Fla.App.1958, 103 So.2d 215. Whether a witness has sufficient qualifications to give an expert opinion presents a preliminary question to be determined by the trial judge. His ruling, in the absence of an abuse of discretion, will not be reversed on appeal. Krohne v. Orlando Farming Corp., Fla.App.1958, 102 So.2d 399.
We conclude that under the factual situation in this case and the statement of Dr. Sherman, the court below did not abuse its discretion in deciding as a preliminary question of fact that Dr. Sherman was not a treating physician. It is, therefore, the opinion of this court that the trial judge was correct in excluding Dr. Sherman’s proffered testimony.
Affirmed.
PIERCE and HOBSON, JJ., concur.