PER CURIAM.
This is another chapter in the saga of “Old Smokey”. Following the decision of this court, reported in City of Miami v. City of Coral Gables, Fla.App.1970, 233 So.2d 7, the matter proceeded for further hearing before the chancellor to determine if the City of Miami had corrected the “deleterious condition” at its Coconut Grove incinerator, at which time the trial judge refused to permit the evidence or proffer which related to a plan to abate the nuisance in the future, and permitted the Dade County Pollution Officer to testify as an expert. At the conclusion of the hearing, the trial judge [by his orders] enjoined the operation of “Old Smokey” and reserved jurisdiction to render such further orders as might be proper under the circumstances. This appeal ensued, contending the trial judge erred in issuing the injunction, abused his discretion in declining the evidence and the proffer tendered, and committed error in permitting the expert to testify. We find no error in the orders here under review, and affirm.
The incinerator had already been declared to be a nuisance, which ruling was sustained on appeal. The proposed evidence and proffer did not tend to abate the nuisance, and it was appropriate for the court to deny same. No error has been demonstrated in permitting the expert to testify. Krohne v. Orlando Farming Corporation, Fla.App.1958, 102 So.2d 399; Home Insurance Company v. Wiggins, Fla.App.1962, 147 So.2d 157; Troj v. Smith, Fla.App.1967, 199 So.2d 285.
Therefore, the orders here under review be and the same are hereby affirmed.
Affirmed.