258 So.2d 280 (1972)
BILL KELLEY CHEVROLET, INC., a Florida Corporation, Appellant,
v.
Leslie Anne KERR, Appellee.
BILL KELLEY CHEVROLET, INC., a Florida Corporation, Appellant,
v.
Lloyd K. WORTHEM, Appellee.
BILL KELLEY CHEVROLET, INC., a Florida Corporation, Appellant,
v.
GENERAL MOTORS CORPORATION, Appellee.
Nos. 71-497, 71-540, 71-538, 71-539.
District Court of Appeal of Florida, Third District.
February 15, 1972.
Rehearing Denied March 15, 1972.
*281 Adams, George & Wood, and David L. Willing, Miami, for appellant.
Sherouse & Virgin, Douglas M. Carlton, Walton, Lantaff, Schroeder, Carson & Wahl, Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellees.
*282 Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
On January 26, 1968, an automobile of which Leslie Anne Kerr was the driver was struck from the rear by a truck driven by Lloyd K. Worthem, while the Kerr vehicle was standing still on a public street in compliance with a "stop" traffic signal. The truck had accelerated unexpectedly when its accelerator spring broke. Kerr filed this action, for damages for personal injuries sustained therefrom, against Worthem, General Motors Corporation, Bill Kelley Chevrolet, Inc. (herein referred to as Kelley), and State Farm Mutual Automobile Insurance Co.
By her complaint the plaintiff Leslie Anne Kerr, who subsequently became Leslie Ann Kerr Rudloff, sought recovery against Worthem for his alleged negligence; against General Motors for breach of warranty and for alleged negligence in design and manufacture; against Kelley for alleged negligence in inspection and repair; and against State Farm as Worthem's indemnity insurer. Worthem cross-claimed against General Motors and Kelley on grounds similar to those asserted by plaintiff. Kelley cross-claimed against General Motors for indemnification. At the trial the latter cross-claim was withdrawn by Kelley.
The evidence disclosed that the accelerator spring broke at a point where it had been crimped, or bent out of its normal shape. When the spring broke while the truck was in operation, the vehicle had been driven only 15 to 20 miles after the motor had been worked on at Kelley, during the course of which work or repairs thereon a mechanic employed by Kelley had removed or disconnected the spring and had reconnected it. Previously some work had been done on the motor of the truck in Illinois, after which it had been driven from Illinois to Florida.
By verdicts of the jury, Worthem and his insurer, and General Motors, were absolved of liability. The jury rendered a verdict in favor of the plaintiff against Kelley in the amount of $10,667. A verdict also was rendered in favor of the cross-claimant Worthem against Kelley for $800. A cost judgment was entered in favor of the plaintiff against Kelley for $1,736.96. A separate cost judgment was entered in favor of General Motors against the plaintiff in the amount of $772.25, and in that order a judgment over on the latter cost item was entered in favor of the plaintiff against Kelley, thereby shifting that cost obligation to Kelley.
These appeals were filed by Kelley from the judgments entered on the verdicts against Kelley. His appeal No. 71-540 is from the final judgment awarding damages to the plaintiff. No. 71-538 is from the judgment entered in favor of Worthem on the latter's cross-claim. Appeal No. 71-497 is from the cost judgment for $1,736.96 entered in favor of the plaintiff. Appeal No. 71-539 is by Bill Kelley from the separate cost judgment of $772.25 in favor of General Motors.
The several contentions presented by the appellant having been considered in the light of the record and briefs, we hold that no reversible error has been made to appear. The trial court did not commit error in denying the Kelley's motions for directed verdict. There was evidence presented upon which the jury could conclude that the defect in the accelerator spring which was the cause of its failure was not due to fault of the manufacturer, but was caused by some damage to the spring in the course of the repair work performed on the truck by a Kelley mechanic, or, alternatively, was negligently overlooked by the Kelley mechanic when the spring was removed and reinstalled a short time prior to the accident. Experts testified that the damage to the spring was recent. Also, the trial court was correct in holding the doctrine of res ipsa loquitur was applicable in the circumstances. See Yarbrough v. Ball *283 U-Drive System, Fla. 1950, 48 So.2d 82; Holman v. Ford Motor Company, Fla.App. 1970, 239 So.2d 40.
Based on the disclosures in the evidence including testimony of the Kelley mechanic in question, the trial court ruled correctly in excluding certain proffered testimony of the mechanic, upon which the appellant predicates a claim of error. The medical testimony of three certain doctors was properly received in evidence over objection of defendants that the doctors' testimony was based on history given by the plaintiff and examination of the plaintiff by them for the purpose of testifying, relying upon Marshall v. Papineau, Fla.App. 1961, 132 So.2d 786, and Troj v. Smith, Fla.App. 1967, 199 So.2d 285. That ruling of the trial court as to admissibility of the testimony of the doctors was not an abuse of discretion inasmuch as the evidence relating thereto was sufficient for the trial court to have concluded they were treating physicians.
Regarding appellant's contention that the court committed error in admitting testimony of Dr. Gregory bearing on the question of permanent disability of the plaintiff, because of failure of plaintiff to furnish a report thereon as required by Rule 1.360 F.R.C.P., 30 F.S.A., we conclude no reversible error resulted because, as pointed out by the appellee, the testimony was cumulative to that of two other doctors on the subject, and the matter of rejection of such testimony in the circumstance presented was one as to which the trial court had a measure of discretion. See Rule 1.360(b) (1) F.R.C.P.
We find no basis to disturb the cost judgment relating to costs of the defendant General Motors. The allowance of the item of expense of representation of said defendant at the deposition taken by the plaintiff of a doctor in Dallas, Texas, was a matter within the discretion of the court.
The judgments appealed from are affirmed.