308 So.2d 43 (1975)
MARINE EXPLORATION COMPANY, INC., Appellant,
v.
James E. McCOY, Appellee.
No. 74-657.
District Court of Appeal of Florida, Third District.
February 11, 1975.
Batchelor, Brodnax, Guthrie & Kindred and J. William Kirkland, Miami, for appellant.
Podhurst, Orseck & Parks, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellant, Marine Exploration Co., Inc., and its insurer, Emmco Insurance Company, seek a new trial solely on the question of damages.
The appellee, plaintiff in the trial court, filed a complaint stating that on or about August 3, 1973, while he was engaged in the course of his duties aboard a vessel belonging to the appellant, the appellee sustained personal injuries when a winch shattered while it was being used to lower a ramp, causing metal pieces to enter the appellee's leg.
A jury awarded the appellee $20,000 in damages pursuant to a special verdict submitted to it by the court, and the court entered judgment in accordance with the jury's findings. Likewise, the court denied appellant's post-trial motions seeking a new trial on damages as well as liability.
*44 The only portion of the testimony which the appellant considered germane to this appeal, and consequently included in the record filed with this court, concerns the testimony of a doctor called by the plaintiff, Dr. Jerome P. Bettner.
It is argued that Dr. Bettner's testimony was incompetent because he was an "examining doctor," as opposed to a "treating doctor," and his testimony was based upon the history of his patient's case as it was related to him, in whole or in part, by the appellee.
Appellants cite three cases as support for their contention: Marshall v. Papineau, Fla.App. 1961, 132 So.2d 786; Troj v. Smith, Fla.App. 1967, 199 So.2d 285; and, Bondy v. West, Fla.App. 1969, 219 So.2d 117.
These cases stand for a well-recognized proposition of the law of evidence, namely that testimony from an "examining doctor" is undesirable. As it was noted by the court in Marshall v. Papineau, supra, testimony from an "examining doctor" is considered by the courts to be less reliable because the doctor has been consulted by the patient for the purpose of qualifying him to testify.
However, our examination of the three cases cited by the appellants as well as several of the cases relied on by the appellee[1] demonstrates that the abstract distinction between an "examining doctor" and a "treating doctor" when put to the test of practical application, is not always a cut and dried matter.
Nor, does the case law sustain the appellant's contention that where the doctor relies upon a case history, which is only partially related to him by the patient, the doctor is rendered incompetent to testify. The appellant relies on language appearing in the Marshall case, stated in the abstract.
We are convinced that in a situation such as is present in this case, where the doctor may be relying in part upon a case history related by his patient, yet he also is relying upon his own independent examination of the patient and upon a case history as reflected by hospital records which have been introduced into evidence, the doctor's testimony is admissible.
It is then a question for the jury to assess what weight and credibility should be given to the doctor's testimony.
The record in the case at bar shows that the doctor examined the appellee once, on January 29, 1974. The doctor testified that based on this examination, on what the appellee told him, and on the records from Hialeah Hospital where the appellee was treated, the appellee had sustained a disability of five to eight per cent to his leg.
Dr. Bettner stated that his conclusion was "based on the fact that he has had the injury with metal in his leg, scarring, two operations and has somewhat of a hernia in this area which may or may not bother him in the future... ."
The doctor's testimony revealed facts which we think were objective in nature, and which he could ascertain from a single examination. In addition, the doctor stated that he had reviewed the hospital records on one occasion.
We hold that the trial court properly permitted the doctor's testimony to be presented to the jury, and it was the jury's function to determine the proper weight to be afforded to it.
Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] Steiger v. Massachusetts Casualty Insurance Co., Fla.App. 1971, 253 So.2d 882; Brevard County v. Apel, Fla.App. 1971, 246 So.2d 134; City of Hialeah v. Hutchins, Fla. App. 1968, 215 So.2d 496; Raydel, Ltd. v. Medcalfe, Fla.App. 1964, 162 So.2d 910, 915, rev'd on other grounds, Fla., 178 So.2d 569; Tampa Transit Lines, Inc. v. Smith, Fla.App. 1963, 155 So.2d 557.