WENTWORTH, Judge.
Bartholf appeals a judgment entered on directed verdict for the appellee Westside garage, defendant below in a negligence action for injuries Bartholf suffered when his car lurched forward as he stood in front to start it. We reverse.
The controlling issue on appeal is that of alleged error in excluding testimony of Dr. Thomas Hardin offered by Bartholf. Hardin’s testimony was excluded because he was an examining physician who based his opinion of permanent disability in part on the history of the accident related to him, along with his medical examination and evaluation of Bartholf’s condition at the time of trial. Bartholf stipulated below that without the excluded testimony West-side was entitled to a directed verdict because a permanent injury was not otherwise shown as required by § 627.737, Florida Statutes.
Just before Bartholf brought his car to Westside for engine work, the ignition switch had been altered to start by contacting wires when he lost his keys on a trip. He used that ignition method briefly after learning that it would work only if the transmission was in park, and would not start the car in a drive position. His complaint against Westside was that its mechanics, while engaged in other work, altered the ignition in a different way to permit jump-starting by touching the solenoid, and they did not tell him that the new ignition method would start the car in a drive position. After Westside’s work the car was not used, was started only once, and had been towed to a service station for work on the engine mounts on the day when the accident occurred. Bartholf was injured when the car ran into him as he started the engine while standing in front of his car at the station.
Bartholf’s leg fractures were treated by a physician in the hospital emergency room. At that time a family friend, Dr. Hardin, reviewed x-rays and, at the request of Bart-holf’s father, discussed the case, with the treating physician and reassured Bartholf that he was getting good care. Before removal of his leg cast, Bartholf returned to school in Kentucky and did not see a physician for ten months except for a routine physical examination. On the day before trial he was examined by Dr. Hardin, whose opinion as to permanent injury was proffered and rejected as detailed below. The only other medical evidence was from the original treating physician who examined Bartholf on the day of trial and testified that he could not assess permanency without further diagnostic testing.
Westside’s alternative arguments in support of the summary judgment have no apparent merit. We conclude that the trial court properly rejected the contention that the act of putting the car in gear was the sole independent intervening cause of the accident regardless of any negligent modification or failure to warn. We do not treat further argument with respect to threshold requirements of § 627.737(2), Florida Statutes, which was never specifically raised below.
On the remaining ground for summary judgment, i.e. lack of any evidence of permanent injury because of exclusion of the proffer of Hardin’s opinion, Westside defends by reliance on Marshall v. Papineau, *958 132 So.2d 786 (Fla. 1st DCA 1961), and its progeny[1] on the following proposition:
... the rule that the opinion of a physician ... based wholly or in part on the history of the case as told to him by [plaintiff] ... is inadmissible when the examination was made for the purpose of quaiifying the physician ... to testify as a medical witness.... 132 So.2d 787. [e.s.]
The numerous Florida cases applying this rule are reconcilable by recognizing, as Marshall indicates, that such testimony should be excluded when the plaintiff’s subjective recitals are one of the essential predicates for the examining physician’s opinion and his conclusions are therefore conditioned on the truth of hearsay matters not otherwise known to him or properly stated as a hypothetical.[2] This follows from the rationale for the exclusion stated in Marshall, i.e. the distinction between statements to a treating physician, presumed to be truthful, and those made to a physician for purposes of litigation, more likely to be merely self-serving. However, none of the later opinions have repudiated the Supreme Court’s decision in Howland, note 2 supra, finding that two examining physicians’ testimony was not “based for the most part on self-serving declarations made by plaintiff . . . at the examination,’’ and approving admission of such testimony when “based on the findings ... in their actual examinations.” The Court noted “[i]t is elementary that almost any examination made by a physician relative to internal disorders ... resulting from previous injuries must be based in part on the case history of the patient.” This position, that the exclusion applies to opinions which are necessarily based in material or substantial part on plaintiff’s self-serving declarations, appears to be fully consistent with current evidence code revisions[3] and case law in other jurisdictions.[4]
The witness in this case stated unequivocally that without any reference to plaintiff’s history “my answer would be about the. same.”[5] For that reason and the further fact that at the time of the proffered alternative hypothetical there had been submitted ample independent evidence of the circumstances of injury (as to which appel-lee presents no argument on appeal), we conclude the objection should not have been sustained with respect to testimony based on the history and personal examination, review of x-rays and consultation with the treating physician at the time of injury, and description of objective data denoting scope of injury.[6] This assumes the proper classification of the witness as an examining physician under the Marshall doctrine, although all of his contacts with plaintiff were plainly not solely for the purpose of qualifying him to testify.
The summary judgment is accordingly reversed and the cause remanded for further proceedings consistent herewith.[7]
ERVIN and JOANOS, JJ., concur.

. Gatlin v. Argonaut Ins. Co., 360 So.2d 459 (Fla. 1st DCA 1978), reh. denied; Bondy v. West, 219 So.2d 117 (Fla.2d DCA 1969), disapproved on other grounds, Hall v. Haldane, 243 So.2d 571 (Fla.1971); Troj v. Smith, 199 So.2d 285 (Fla.2d DCA 1967), reh. denied.

. Fred Howland, Inc. v. Morris, 143 Fla. 189, 196 So. 472, 475 (1940); Marine Exploration Co. v. McCoy, 308 So.2d 43 (Fla.3d DCA 1975); Wilkinson v. Grover, 181 So.2d 591, 593 (Fla.3d DCA 1966); Raydel, Ltd. v. Medcalfe, 162 So.2d 910, 915 (Fla.3d DCA 1964).

. § 90.704, Florida Statutes (1979).

. 51 A.L.R.2d 1051-1082, later case service, p. 293-297.

. Texas Employers’ Ins. Asso. v. Hall, 295 S.W.2d 478 (Tex.Civ.App.1956).

. Santos Wrestling Enterprises, Inc. v. Perez, 367 So.2d 685 (Fla.3d DCA 1979), citing Great American Ins. Co. v. Cornwell, 191 So.2d 435 (Fla. 1st DCA 1966).

. See also Dillon v. Chapman, 404 So.2d 354 (Fla. 5th DCA 1981), relating to constitutional aspects of the statute here involved, now subject to Supreme Court review.